**Doris DAVILA, Individually and Alan Steen, Individually, Appellants,**

**v.**

**Eric FLORES, Appellee.**

**No. 13–99–282–CV.**

Court of Appeals of Texas,
Corpus Christi.

Dec. 2, 1999.

Clay McGuffey, Asst. Atty. Gen., Kurt Howard Kuhn, Austin, for Appellants.

A. Peter Thaddeus, Jr., Dale & Klein, McAllen, for Appellee.

Before Chief Justice SEERDEN and Justices YAÑEZ and RODRIGUEZ.

# OPINION

ROBERT J. SEERDEN, Chief Justice.

This is an interlocutory appeal by Doris Davila and Allen Steen from the trial court's denial of their motion for summary judgment based on official immunity. We reverse and render judgment that Flores take nothing.

Eric Flores was an employee of the Texas Youth Commission, serving as a youth supervisor under the direction and supervision of Davila and Steen, when he was accused by a co-worker of abusing one of the youths under his supervision by refusing to feed him and by urinating in his drink. Davila and Steen investigated the accusation and eventually notified Flores of their intent to terminate his employment as a result of the alleged abuse. Flores successfully fought termination and was ordered reinstated by the Commission. Flores alleges that Davila and Steen changed his work hours and duties in retaliation for his efforts to keep his job and in retaliation for a sexual harassment claim that Flores had earlier brought against a fellow employee.

Flores then sued Davila and Steen for intentional infliction of emotional distress, defamation, and slander based on the accusations of abuse that Davila and Steen had allegedly disseminated to others in the process of their investigation.[1] Davila and Steen moved for summary judgment on the ground that they are officially immune from suit. The trial court denied their motion and they perfected the present interlocutory appeal from that denial. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(5) (Vernon Supp.1999).

■ By a single point of error, Davila and Steen claim that they are entitled to official immunity for their actions and that the trial court should have granted their motion for summary judgment.

When reviewing the trial court's action on a summary judgment, we follow the well-established rules set out in *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). Specifically, summary judgment is proper if the defendant establishes all elements of an affirmative defense to each claim. *American Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997); *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984). Once an affirmative defense has been established, the non-movant must produce summary judgment proof raising a fact issue in contravention of the affirmative defense. *In re Estate of Ayala,* 986 S.W.2d 724, 726 (Tex.App.—Corpus Christi 1999, no pet.).

■ A government employee may assert official immunity as an affirmative defense for the performance of discretionary duties within the scope of the employee's authority, provided the employee acts in good faith. *Wadewitz v. Montgomery,* 951 S.W.2d 464, 465–66 (Tex.1997); *City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex.1994).

In the present case, Davila and Steen allegedly injured and defamed Flores by publishing the accusations against him to other employees and unspecified persons in their dissemination of letters that Davila wrote to the Commission's employee grievance administrator and to Flores himself, mentioning the alleged incidents of abusive conduct by Flores against the youth.

There is no question that Davila and Steen had the right to gather information and investigate the allegations of wrongdoing. Nor do we here address any claims arising out of their decision to terminate or

---

1. Flores had also raised claims against Davila and Steen for retaliation and other claims cognizable under the Texas Commission on Human Rights Act, TEX LABOR CODE ANN. § 21.055 (Vernon 1996), but in a separate interlocutory appeal on a denial of Davila and Steen's plea to the jurisdiction we dismissed those claims for failure to exhaust administrative remedies. *Davila v. Flores,* No. 13–98–361–CV (Tex.App.—Corpus Christi, January 28, 1999, no pet.) (unpublished).

reassign Flores.[2] We are solely concerned in the present appeal with Flores' allegation that, in the process of that investigation and recommended termination, Davila and Steen wrongfully disseminated information about the allegations to others.

Davila and Steen supported their motion for summary judgment with their own affidavits, by which each stated that they gathered and disseminated information concerning the incident in a fair and just manner and without any ill will, spite, or malice toward Flores. Specifically, after detailing his duties and the investigation of the report of misconduct against Flores, Steen stated in his affidavit that:

> I considered all information provided to me about Eric Flores to have been received by me in my official capacity as Regional Superintendent for Evins Juvenile Detention Center. I categorically deny that I ever acted upon any individual motive. At all times, I acted as an official of the Texas Youth Commission, more specifically, as the Regional Superintendent assigned to the Evins Regional Juvenile Center. Recognizing that information concerning Eric Flores had come to me which could involve the violation of the rights of the youth, J.L., I did not consider that I had any other choice than to act according to my duties and responsibilities as Regional Superintendent, to advise the Youth Rights Division of TYC. With that duty in mind that I contacted the Youth Rights Division and thereafter participated in the process of investigating the matter, all in accordance with what I understood to be my responsibility as Regional Superintendent. Although at times there may have been no exactly specific procedure known to me for such things as taking notes of interviews and the order in which interviews may have been conducted, I pursued gathering and disseminating information as best as I could

determine would be just and fair to all parties involved, including the youth who were served at Evins Regional Detention Center. I notified those who I did of such information and I made such recommendations as I did after due consideration of the information and with my best judgment as to what would be fair and just to all interests. Based upon my best understanding of the information which was gathered and the findings which were made, and based upon my best judgment of the interests to be served and protected under the circumstances, including the budgetary concerns facing the Campus at the time, I made such recommendations concerning Eric Flores, for his suspension and for reinstating him to the position to which he was reinstated, in good faith and according to what I understood to be my duties and responsibilities as Regional Superintendent.

> In the case of my actions concerning the information about Eric Flores which, because of my position, I was authorized to have and to use in making my decision as to what personnel action should be taken regarding Eric Flores, I used the information and made my decisions based upon my knowledge and experience, and in the interests of what I believed to be best for the Texas Youth Commission, the Evins Center, Eric Flores, the youth to be served and other Evins Center employees.

> I never acted with malice in acting upon my duty to gather, disseminate and recommend such personnel action as I deemed proper. No false representations were made by me to anyone concerning Eric Flores. All actions taken by me were within what I considered to be my discretionary authority and were carried out in good faith at all times in full compliance with the policies and procedures of Texas Youth Commission and

2. *See Davila v. Flores,* No. 13–98–361–CV (Tex.App.—Corpus Christi, January 28, 1999, no pet.) (unpublished).

the Evins Center. At no time have I ever felt or expressed any personal ill-will, spite or malice toward Eric Flores, nor have I ever deliberately or intentionally sought to deny or breach any right that may have been Eric Flores's. I have never harbored feelings of ill will or hatred against Eric Flores.

I never made or authorized the making of any public statements concerning Eric Flores or the results of any investigation of the matter involving the youth J.L.. All those involved in the investigation of the matter involving the youth J.L. and all those involved in providing information to those who investigated the matter were employees of the Texas Youth Commission and to my knowledge, none have released any information of any type to anyone not authorized to receive the information or by their positions, authorized to act upon the information.

I have not made any public charges about Eric Flores or his suspension, termination, or reinstatement.

Davila also detailed her duties and the investigation of the report of misconduct against Flores, and in her own affidavit repeated almost verbatim the quotation from Steen's affidavit, replacing only her own title of "Faculty Administrator" where Steen used the term "Regional Superintendent."

Flores testified by deposition that other employees had filed grievances and harassed him at work, and that these employees were friends with Davila. However, he could point to nothing beyond a vague suspicion that Davila or Steen harbored any ill will against him.

### Discretionary Action

■ If an action involves personal deliberation, decision and judgment, it is discretionary; actions which require obedience to orders or the performance of a duty to which the actor has no choice, are ministerial. *City of Lancaster*, 883 S.W.2d at 654 (Tex.1994); *Wyse v. Department of*

*Pub. Safety*, 733 S.W.2d 224, 227 (Tex. App.—Waco 1986, writ ref'd n.r.e.). In other words, an act is discretionary if it requires exercising judgment and the law does not mandate performing the act with such precision that nothing is left to discretion or judgment. *State v. Rodriguez*, 985 S.W.2d 83, 85 (Tex.1999). Specifically, an officer or employee's report of misconduct to his or her superior would generally be a discretionary act. *See Boozier v. Hambrick*, 846 S.W.2d 593, 597 (Tex. App.—Houston [1st Dist.] 1993, no writ).

In the present case, Flores contends that a fact question exists as to whether Davila and Steen's actions in connection with his termination were discretionary or ministerial. He points to some unspecified Commission "procedures" for the investigation and termination of an employee as an indication that the process was ministerial and did not involve any discretion on the part of a supervisor investigating the allegations.

■ However, simply because the law prescribes certain mandatory procedures that must be followed in the course of an investigation does not mean that an official's entire course of conduct during that investigation is a ministerial duty. *See Koerselman v. Rhynard*, 875 S.W.2d 347, 351–52 (Tex.App.—Corpus Christi 1994, no writ).

The present claims for defamation and intentional infliction of emotional distress concern the specific actions of Davila and Steen in disseminating information during the process of their investigation and termination decision. While there may be a standard procedure for conducting an investigation into employee wrongdoing, there was no indication that this procedure controlled the supervisors' discretion in the process of internally documenting and divulging information about the allegations. Accordingly, we conclude that their alleged dissemination of information was a discretionary matter involving deliberation, decision, and judgment.

## Good Faith

■ The employee's good faith is measured against a standard of objective legal reasonableness, without regard to his or her subjective state of mind. *Wadewitz,* 951 S.W.2d at 466; *City of Lancaster,* 883 S.W.2d at 656. In other words, an employee acts in good faith if a reasonably prudent employee under the same or similar circumstances could have believed that the need to take the complained-of action outweighed the associated risk of harm. *Wadewitz,* 951 S.W.2d at 466; *City of Lancaster,* 883 S.W.2d at 656.

By their affidavits in the present case, Davila and Steen conclusively proved that they did not disseminate the information in bad faith and that their actions in disseminating the information in the course of the investigation were objectively reasonable. In other words, their affidavits show that a reasonably prudent employee under the same or similar circumstances could have taken the same action in the course of the investigation.

■ Once the public official or employee has met his burden of proof on good faith, the plaintiff may attempt to controvert the existence of the employee's good faith. *City of Pharr v. Ruiz,* 944 S.W.2d 709, 715 (Tex.App.—Corpus Christi 1997, no writ); *Texas Dep't of Public Safety v. Tanner,* 928 S.W.2d 731, 736 (Tex.App.—San Antonio 1996, no writ). But to avoid a summary judgment based on official immunity, the plaintiff carries a much higher burden of proof. *Ruiz,* 944 S.W.2d at 715; *Tanner,* 928 S.W.2d at 736. In order to raise a fact issue, a plaintiff is required to prove that "no reasonable person in the defendant's position could have thought the facts were such that they justified defendant's acts." *City of Lancaster,* 883 S.W.2d at 657; *Ruiz,* 944 S.W.2d at 715.

Accordingly, in the present case, the burden shifted to Flores to show no reasonable person in Davila and Steen's position could have thought the circumstances justified disseminating the information in the manner that they did. However, Flores failed to present any controverting evidence to disprove good faith or to show that the dissemination of information was unreasonable under the circumstances.

## Scope of Authority

■ An official acts within the scope of her authority if she is discharging the duties generally assigned to her. *City of Lancaster,* 883 S.W.2d at 658. The fact that a specific act that forms the basis of the suit may have been wrongly or negligently performed does not take it outside of the scope of authority. *Tanner,* 928 S.W.2d at 735; *Koerselman,* 875 S.W.2d at 350.

The conduct of the present investigation by Davila and Steen, including their dissemination of information concerning that investigation to other employees of the Commission, was clearly conducted as a part of the duties assigned to them. Accordingly, the allegedly wrongful dissemination was carried out within the scope of their authority as employees of the Commission.

We conclude that the trial court erred in failing to grant Davila and Steen's motion for summary judgment. We sustain their point of error.

The judgment of the trial court is REVERSED and judgment is here RENDERED that Flores take nothing on his claims against them.