Leonel VELA, Karen Hollingsworth, Derric Trevino, Dora Del Toro, and Enedina Magana, Appellants,

v.

Simon ROCHA, Appellee.

No. 13-00-635-CV.

Court of Appeals of Texas, Corpus Christi.

July 12, 2001.

John Cornyn, Attorney General of Texas, Andy Taylor, First Asst. Attorney General, David S. Morales, Assistant Attorney General, Toni Hunter, Asst. Attorney General, Chief, General Litigation Div., Heather L. Horton, Office of Attorney General, General Litigation Division, Jeffrey S. Boyd, Thompson & Knight, P.C., Austin, for appellants.

Ruben R. Pena, Law Offices of Ruben R. Pena, P.C., Harlingen, for appellee.

Before Justices HINOJOSA, YAÑEZ, and CASTILLO.

## OPINION

HINOJOSA, Justice.

This is an interlocutory appeal of the trial court's order denying a motion for summary judgment based on the affirmative defense of official immunity.[1] Appellants, Leonel Vela, Karen Hollingsworth, Derric Trevino, Dora Del Toro, and Enedina Magana, all employees of the Texas Department of Health ("TDH"), contend the trial court erred in denying their motion for summary judgment. We affirm in part and reverse and render in part.

### A. STANDARD OF REVIEW

When reviewing a traditional summary judgment brought under rule 166a, an appellate court must follow these well-established rules:

(1) the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law;

1. This Court has jurisdiction to hear an interlocutory appeal of an order denying a motion for summary judgment based on an assertion of official immunity. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(5) (Vernon Supp.2001); *University of Tex. Southwestern Med. Ctr. v. Margulis,* 11 S.W.3d 186, 187–88 (Tex.2000); *City of La Joya v. Herr,* 41 S.W.3d 755, 757 n. 1 (Tex.App.—Corpus Christi 2001, no pet. h.).

(2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and

(3) every reasonable inference must be indulged in favor of the nonmovant and any doubts must be resolved in favor of the nonmovant.

*American Tobacco Co., Inc. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985); *see* Tex.R. Civ. P. 166a. A defendant's motion for summary judgment should be granted if he disproves at least one essential element of each of the plaintiff's causes of action, or if he establishes all the elements of an affirmative defense as a matter of law. *Grinnell,* 951 S.W.2d at 425; *Science Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 911 (Tex.1997). When a defendant moves for summary judgment on an affirmative defense, he must prove each element of his defense as a matter of law, leaving no issues of material fact. *Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 121 (Tex. 1996). The plaintiff, as the non-movant, has no burden of proof unless the defendant proves conclusively all elements of its affirmative defense. *Id.*

 Evidence favoring the movant's position will not be considered unless it is uncontradicted. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). If a summary judgment is granted generally, without specifying the reason, it will be upheld if any ground in the motion for summary judgment can be sustained. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989); *Weakly v. East,* 900 S.W.2d 755, 758 (Tex. App.—Corpus Christi 1995, writ denied); *Benavides v. Moore,* 848 S.W.2d 190, 192 (Tex.App.—Corpus Christi 1992, writ denied).

### B. BACKGROUND

It is undisputed that TDH has a personnel policy requiring all employees to report incidents of sexual harassment they have experienced or witnessed. On September 30, 1996, Derric Trevino reported to Enedina Sosa, chief of staff for the TDH Region 11 office in Harlingen, that his direct supervisor, Simon Rocha, the appellee in this case, had engaged in inappropriate behavior with female subordinates and co-workers, and that Rocha's conduct was negatively impacting TDH operations.

The next day, Rocha's secretary, Enedina Magana, reported to Sosa that Rocha had engaged in inappropriate behavior toward her: that Rocha had made inappropriate remarks to her, played with her hair, touched her with his body, and asked for kisses in return for time off. Magana submitted a written employee grievance, in which she reported that Karen Hollingsworth had witnessed Rocha's inappropriate behavior toward her. When Sosa spoke with Hollingsworth, she confirmed that Rocha had engaged in inappropriate behavior toward Magana. Hollingsworth told Sosa that Rocha had also engaged in inappropriate behavior toward her: that Rocha had made inappropriate remarks to her and had played with her hair during a business meeting. Sosa then spoke with Dora Del Toro, who disclosed that Rocha had also made inappropriate remarks toward her. Hollingsworth and Del Toro also filed written employee complaints.

Sosa forwarded the complaints to TDH's Office of Civil Rights in Austin. A few days later, TDH investigator Jose Tabares arrived to conduct an on-site investigation of the complaints. Tabares interviewed Magana, Del Toro, Hollingsworth, Trevino and Rocha. After the investigation, Leonel Vela, the TDH Regional Medical Director for Region 11, terminated Rocha.

Rocha requested and received an administrative hearing. At the hearing, the four complainants testified about Rocha's behavior, and Rocha's termination was upheld. Rocha then filed a lawsuit in the District Court of Cameron County against TDH and appellants,[2] individually and in their official capacities as TDH employees. In the suit, Rocha alleged that Hollingsworth, Trevino, Del Toro, and Magana had conspired to fabricate incidents of inappropriate behavior to get him fired, and that he had been wrongfully terminated by TDH and Vela. Rocha asserted causes of action for libel, slander, and civil conspiracy against Hollingsworth, Trevino, Del Toro and Magana. He also asserted causes of action for intentional infliction of emotional distress against Hollingsworth, Trevino, and Magana. The only cause of action against Vela that can be construed from the pleadings is wrongful termination, apparently based on TDH's alleged failure to "protect the Plaintiff's constitutional rights of due process and equal protection by failing to notify Plaintiff of the specific charges against him [and] the names of the individuals who were making the accusations."

Appellants filed a motion for summary judgment asserting the affirmative defense of official immunity under state law. Rocha filed a very brief response in which he objected to the filing of the motion, and to appellants' affidavits,

> especially in their claims of "good faith." The affidavits are of "interested witnesses" and as such are not susceptible of being readily controverted. Because the affidavits cannot meet this requirement it cannot support a summary judgment.... Plaintiff would further show that the deposition testimony of the Plaintiff attached to Defendants' Motion for Summary Judgment makes a fact

issue for a jury as to the credibility of the defendant's [sic] affidavit.

Rocha did not file any summary judgment evidence. The trial court denied the motion, and this interlocutory appeal ensued.

## C. OFFICIAL IMMUNITY

 Claims against government employees in their individual capacities are separate and distinct from claims against them in their official capacities. *Smith v. Davis,* 999 S.W.2d 409, 413 (Tex.App.—Dallas 1999, no pet.). A suit against a government employee in his individual capacity seeks to impose personal liability on the employee for actions he takes under color of state law. *Kentucky v. Graham,* 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Smith,* 999 S.W.2d at 413. In contrast, a suit against an employee in his official capacity seeks to impose liability on the governmental entity that employs him. *Graham,* 473 U.S. at 166, 105 S.Ct. 3099; *Smith,* 999 S.W.2d at 413. Each capacity involves a separate and distinct form of potential immunity; government employees sued in their individual capacity may claim the protections of official immunity. *Smith,* 999 S.W.2d at 413; *Gross v. Innes,* 930 S.W.2d 237, 239 (Tex. App.—Dallas 1996, writ dism'd w.o.j. at 988 S.W.2d 727 (Tex.1998)). An individual sued in his official capacity, on the other hand, may in some cases enjoy the protections of sovereign immunity to the extent those protections are available to his employer. *City of Hempstead v. Kmiec,* 902 S.W.2d 118, 122 (Tex.App.—Houston [1st Dist.] 1995, no writ); *Thomas v. Crow,* 862 S.W.2d 719, 721 (Tex.App.—Tyler 1993, no writ). In this case, the appellants have asserted only the affirmative defense of official immunity.

---

**2.** TDH did not file a motion for summary judgment and is not a party in this appeal.

Official immunity is an affirmative defense that protects government employees from personal liability. *Univ. of Houston v. Clark*, 38 S.W.3d 578, 580 (Tex. 2000); *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex.1994). The purpose of official immunity is to insulate the functioning of government from the harassment of litigation, not to protect erring officials; the public would suffer if government officers, who must exercise judgment and discretion in their jobs, were subject to civil lawsuits that second-guessed their decisions. *Kassen v. Hatley*, 887 S.W.2d 4, 8 (Tex.1994); *see Cameron County v. Carrillo*, 7 S.W.3d 706, 709 (Tex.App.—Corpus Christi 1999, no pet.). When official immunity shields a governmental employee from liability, sovereign immunity shields the governmental employer from vicarious liability. *Clark*, 38 S.W.3d at 580; *DeWitt v. Harris Co.*, 904 S.W.2d 650, 653 (Tex. 1995).

Government employees are entitled to official immunity from suit arising from (1) the performance of their discretionary duties [3] (2) in good faith (3) as long as they are acting within the scope of their authority.[4] *Clark*, 38 S.W.3d at 580; *Wadewitz v. Montgomery*, 951 S.W.2d 464, 466 (Tex.1997); *Chambers*, 883 S.W.2d at 653; *Herr*, 41 S.W.3d at 759. To obtain summary judgment on official immunity, the governmental employee must conclusively prove each element of the defense. *Clark*, 38 S.W.3d at 580; *Kassen*, 887 S.W.2d at 8–9; *Chambers*, 883 S.W.2d at 653. What is at issue in this case is whether appellants acted in good faith.

### D. Good Faith

An appellate court must measure good faith in official immunity cases against a standard of objective reasonableness without regard to the official's subjective state of mind. *Chambers*, 883 S.W.2d at 656; *Ramos v. Tex. Dept. of Public Safety*, 35 S.W.3d 723, 729 (Tex.App.—Houston [1st Dist.] 2000, pet. denied); *City of San Juan v. Gonzalez*, 22 S.W.3d 69, 72 (Tex.App.—Corpus Christi 2000, no pet.). The good faith standard "is not equivalent to a general negligence test, which addresses what a reasonable person would have done, rather than what a reasonable official could have believed." *Wadewitz*, 951 S.W.2d at 467 n. 1 (citing *Chambers*, 883 S.W.2d at 661 n. 5); *see Rivas v. City of Houston*, 19 S.W.3d 901, 903 (Tex.App.—Houston [14th Dist.] 2000, pet. denied) (supp. opin. on second motion for reh'g). In other words, an employee acts in good faith if a reasonably prudent employee under the same or similar circumstances could have believed that the need to take the complained-of action outweighed the associated risk of harm. *Wadewitz*, 951 S.W.2d at 466; *Chambers*, 883 S.W.2d at 656; *Davila v. Flores*, 6 S.W.3d 788, 793 (Tex.App.—Corpus Christi 1999, no pet.). To show good faith, a government official must show that his acts were within the realm of what a reasonably prudent government official could have believed was appropriate at the time in question. *Chambers*, 883 S.W.2d at 656–57; *Roberts v. Foose*, 7 S.W.3d 311, 314 (Tex. App.—Houston [1st Dist.] 1999, no pet.). A government employee acts in bad faith only when he could not have reasonably reached the decision in question. *Clark*,

---

**3.** An act is discretionary if it involves personal deliberation, decision, and judgment. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 654 (Tex.1994); *Roberts v. Foose*, 7 S.W.3d 311, 314 (Tex.App.—Houston [1st Dist.] 1999, no pet.).

**4.** Officials act within the scope of their authority when they discharge duties generally assigned to them. *Chambers*, 883 S.W.2d at 658; *City of Hidalgo v. Prado*, 996 S.W.2d 364, 368 (Tex.App.—Corpus Christi 1999, no pet.).

38 S.W.3d at 581; *Chambers,* 883 S.W.2d at 657 n. 7.

### E. SUMMARY JUDGMENT EVIDENCE

 Good faith may be established by the official's own affidavit, *Barker v. City of Galveston,* 907 S.W.2d 879, 888 (Tex.App.—Houston [1st Dist.] 1995, writ denied), or by expert testimony. *Wadewitz,* 951 S.W.2d at 466. The testimony must be clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and must be readily controvertible. *Wadewitz,* 951 S.W.2d at 466; *Anderson v. Snider,* 808 S.W.2d 54, 55 (Tex.1991) *(per curiam).* Mere conclusory statements by an affiant that a reasonable official could have taken the same action are insufficient to establish good faith. *Wadewitz,* 951 S.W.2d at 466–67; *Clement v. City of Plano,* 26 S.W.3d 544, 551 (Tex. App.—Dallas 2000, no pet. h.).

We must examine appellants' summary judgment evidence to see if each appellant established good faith.

#### 1. *Magana, Trevino, and Del Toro*

 The affidavits of Magana, Trevino, and Del Toro are very similar. Each affidavit recites the facts concerning the incidents of inappropriate behavior witnessed by each affiant, and

(a) that each affiant was interviewed by TDH Investigator Tabares about Rocha's behavior and answered honestly;

(b) that each affiant testified at the TDH administrative due process hearing and truthfully answered questions about Rocha's behavior; and

(c) that each affiant had been instructed by TDH to report any sexual harassment.

Each affidavit also contains the statement: "[i]n my opinion, any other TDH employee in my position would have exercised the type of discretion I did in reporting sexual harassment in the workplace."

Appellants also produced the affidavit of Sosa, who stated:

[i]t is long-standing TDH policy for all employees to report sexual harassment when it occurs in the workplace. Each of the four TDH employees listed above [Hollingsworth, Trevino, Magana, and Del Toro] acted appropriately and within the scope of their responsibilities as TDH employees when they reported Mr. Rocha's actions. Likewise, when they were called to testify about these same actions in the administrative hearing, they were acting properly in their roles as TDH employees.

The crux of Rocha's case against appellants is that they wrongfully conspired to lie about his conduct in order to get him fired from his job. Appellants' summary judgment evidence establishes that Magana, Trevino, and Del Toro reported the incidents of inappropriate behavior they witnessed as they were required to do by TDH policy, that they testified truthfully during the investigation and administrative hearing, and that they acted reasonably. Thus, the affidavits constitute prima facie evidence that Magana, Trevino, and Del Toro acted in good faith in truthfully reporting incidents of inappropriate behavior in the TDH workplace.

 Once the official or employee has met his burden of proof on good faith, the plaintiff carries a high burden of proof to avoid a summary judgment based on official immunity. *Davila,* 6 S.W.3d at 793; *City of Pharr v. Ruiz,* 944 S.W.2d 709, 715 (Tex.App.—Corpus Christi 1997, no writ). To controvert a government official's summary judgment proof on good faith, the plaintiff must show that no rea-

sonable person in the defendant's position could have thought the facts were such that they justified the defendant's actions. *Chambers*, 883 S.W.2d at 657; *Roberts*, 7 S.W.3d at 314; *Davila*, 6 S.W.3d at 793.

Rocha complains that the affidavits attached to appellants' motion for summary judgment are not readily controvertible and are, thus, unacceptable summary judgment proof. However, we conclude the affidavits are controvertible. All Rocha had to do to raise a fact issue was to produce his own summary judgment evidence contradicting appellant's evidence. This he failed to do.

Instead of producing evidence that he did not engage in any misconduct, Rocha chose to rely on a small portion of his deposition that appellants had attached to their motion for summary judgment showing that Rocha had conceded that "all TDH employees exercise personal deliberation, decision, and judgment when they decide whether to report sexual harassment or offensive behavior in the workplace." In this six-page deposition excerpt, Rocha testified: (1) that he did not report jokes made by Trevino at the TDH office that Rocha found offensive, and (2) that he had made "a judgment call" and did not report the offensive jokes "because [Trevino] probably would have gotten reprimanded or had some type of adverse action taken against him." Rocha conceded that as a TDH employee he had a right to file a complaint if he had wanted to, but that the first time he raised the allegation was after he was informed that he was going to be terminated. The deposition excerpt does not address the truthfulness of the allegations of sexual harassment reported by appellants.

We hold appellants' summary judgment evidence establishes that Magana, Trevino, and Del Toro acted in good faith in reporting incidents of inappropriate behavior by Rocha and that they are entitled to official immunity. Because Rocha failed to produce summary judgment evidence controverting appellants' summary judgment evidence, we hold the trial court erred in denying appellants' motion for summary judgment as it relates to Magana, Trevino, and Del Toro. We sustain appellants' issue as it relates to Magana, Trevino, and Del Toro.

### 2. *Hollingsworth*

■ Appellants did not attach Hollingsworth's affidavit to their motion for summary judgment. Instead, they chose to rely upon a copy of the employee complaint form Hollingsworth filled out and submitted, and a copy of a memorandum she wrote to Sosa, which details the incidents of inappropriate behavior. These two documents were attached as exhibits to Sosa's affidavit. In her affidavit, Sosa recounts the details of the conversations she had with Hollingsworth, Magana, Trevino, and Del Toro, and the steps that were taken by TDH in investigating the complaints. We find these documents contain a detailed account of the incidents in question. However, unlike the affidavits of Magana, Trevino and Del Toro, these documents do not address the truthfulness of the allegations, which is at the heart of this lawsuit.

As we noted above, the crux of Rocha's case against appellants is that they wrongfully conspired to lie about his conduct in order to get him fired from his job. Appellants' summary judgment evidence does not establish that Hollingsworth's reports about Rocha's behavior were truthful. Therefore, the summary judgment evidence does not establish that Hollingsworth acted in good faith, and Hollingsworth did not establish that she is entitled to official immunity.

We hold the trial court did not err in denying appellants' motion for summary judgment as it relates to Hollingsworth. We overrule appellants' issue as it relates to Hollingsworth.

### 3. *Vela*

 As we stated above, the only cause of action against Vela that can be construed from the pleadings is wrongful termination, apparently based on TDH's alleged failure to "protect the Plaintiff's constitutional rights of due process and equal protection by failing to notify Plaintiff of the specific charges against him [and] the names of the individuals who were making the accusations."

In his affidavit, Vela recited the steps taken during the investigation and termination of Rocha. He further stated:

> While serving as Regional Director for Region 11 for over five years, I approached all dismissal decisions in the same manner. All my decisions concerning dismissals, including my decision to terminate Mr. Rocha, were based on my review of the facts involved in direct consultation with the Office of General Counsel. In this case, I was acting pursuant to my professional responsibilities as Regional Director and based on my lengthy experience as an administrator. In my opinion, any reasonably prudent Regional Director would have exercised this type of discretion in deciding whether to terminate a program manager for sexual harassment in the workplace.

We hold appellants' summary judgment evidence establishes that Vela's actions were done in good faith and that Vela is entitled to official immunity on all state law causes of action.[5] Because Rocha

failed to produce summary judgment evidence controverting this summary judgment evidence, we hold the trial court erred in denying appellants' motion for summary judgment as it relates to Vela. We sustain appellants' issue as it relates to Vela.

### F. CONCLUSION

We affirm the trial court's order denying appellants' motion for summary judgment as it relates to Karen Hollingsworth. We reverse the trial court's order denying appellants' motion for summary judgment as it relates to Leonel Vela, Derric Trevino, Dora Del Toro, and Enedina Magana and render judgment that appellants' motion for summary judgment is granted as it relates to Leonel Vela, Derric Trevino, Dora Del Toro, and Enedina Magana.

---

5. We note that Rocha's claim against Vela appears to also allege a violation of federal rights under the United States Constitution. Vela did not plead the federal affirmative defense of qualified immunity, appellants' motion for summary judgment did not raise the issue, and we do not address it.