

NUMBER 13-09-00596-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

MICHAEL ZELLERS,                                                          **Appellant,**

**v.**

RICHARD CORTEZ,                                                          **Appellee.**

## On appeal from County Court at Law No. 2
## of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza**
**Memorandum Opinion by Justice Rodriguez**

Appellant Michael Zellers challenges a plea to the jurisdiction granted in favor of

appellee Richard Cortez. By two issues, which we renumber and reorganize as three,

Zellers argues that the trial court erred in granting the plea to the jurisdiction because: (1)

Zellers sued Cortez in his individual, rather than his official, capacity, and Cortez was

therefore not entitled to governmental immunity; (2) Cortez failed to prove he was entitled to official immunity; and, in the alternative, (3) Cortez waived official immunity by pursuing a counterclaim against Zellers. We affirm.

## I. BACKGROUND

On December 21, 2007, Zellers filed his original petition against Cortez, asserting claims of defamation, defamation per se, libel, libel per se, and intentional infliction of emotional distress. Zellers noted in his identification of the parties that Cortez is a "natural person and is Mayor of the City of McAllen, Texas" and then alleged the following facts:

> In January of 2007, Richard Cortez appeared on the Davis Rankin talk show on 710 AM radio to be interviewed in connection with issues pending concerning the McAllen Police Officers Union and the City [of McAllen]. Defendant Richard Cortez compared Plaintiff [Zellers] to Adolf Hitler and Saddam Hussein. In the same time period, the City of McAllen[,] at the direction and instruction of Richard Cortez, published advertisements that in essence accused Plaintiff of being a liar. Defendant makes the foregoing comments and publication knowing that Plaintiff was of German descent and knowing that his veracity and honesty in his capacity as a police officer for the [C]ity was of the utmost necessity and importance to his career and his ability to faithfully and successfully perform his duties.

In his petition, Zellers does not specify the capacity in which he is suing Cortez. Cortez answered and, on February 26, 2008, filed a counterclaim against Zellers for defamation, civil conspiracy, and frivolous pleadings.

On April 3, 2009, Cortez filed a plea to the jurisdiction. In his plea, Cortez argued that he was entitled to (1) governmental immunity from Zellers's claims because the complained-of acts were performed in Cortez's official capacity as the mayor of McAllen, and (2) absolute privilege because he is a high-ranking public official and the statements he made on the radio were in the course of exercising his official authority as mayor.

2

Cortez also filed a traditional motion for summary judgment on June 1, 2009. By this motion, Cortez contended, again, that he was entitled to absolute privilege for his statements. Cortez also asserted that he was entitled to summary judgment based on the affirmative defense of official immunity. Cortez attached no evidence to his motion for summary judgment; his motion relied solely on Zellers's pleadings.[1]

After hearings on both the plea and the motion, the trial court granted Cortez's plea to the jurisdiction on October 8, 2009. The trial court never ruled on Cortez's motion for summary judgment. Although Zellers claims in his brief that he requested findings of fact and conclusions of law from the trial court, we find neither that request nor any issued findings and conclusions in the record.

## II. STANDARD OF REVIEW

A plea to the jurisdiction challenges the trial court's authority to consider the subject matter of a claim. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Whether a court has subject matter jurisdiction is a question of law and is subject to de novo review. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). The plaintiff bears the burden of alleging facts that affirmatively demonstrate the trial court's jurisdiction. *Tex. Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002). When determining whether a plaintiff affirmatively demonstrated the trial court's jurisdiction to hear its case, we will consider the plaintiff's pleadings and factual assertions and the evidence submitted by the parties relevant to the jurisdictional issue. *Nueces County v. Ferguson*, 97 S.W.3d 205, 213 (Tex. App.–Corpus Christi 2002, no pet.) (citing *Tex.*

---

[1]No evidence was produced by Cortez at either of the two hearings held by the trial court on Cortez's plea to the jurisdiction and motion for summary judgment.

*Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001); *Bland Indep. Sch. Dist.*, 34 S.W.3d at 555)).  We do not reach the merits of the case but, rather, accept as true the facts pled and determine whether those facts support jurisdiction.  *Id.* (citation and footnote omitted).  In making that determination, we construe the pleadings in the plaintiff's favor and look to the pleader's intent.  *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).

A plea to the jurisdiction may be granted without allowing the plaintiff the opportunity to amend its pleading if the pleading affirmatively negates the existence of jurisdiction. *Ramirez*, 74 S.W.3d at 867; *Cameron County v. Ortega*, 291 S.W.3d 495, 497 (Tex. App.–Corpus Christi 2009, no pet.).  However, if the plaintiff's pleadings are insufficient to demonstrate jurisdiction but do not show incurable defects in jurisdiction, the proper remedy is to allow the plaintiff an opportunity to amend before dismissal.  *Brown*, 80 S.W.3d at 555; *Tex. Parks & Wildlife Dep't v. Morris*, 129 S.W.3d 804, 807 (Tex. App.–Corpus Christi 2004, no pet.).

### III. DISCUSSION

By three issues, Zellers argues that the trial court erred in granting Cortez's plea to the jurisdiction.  As a preliminary matter, however, we must determine the capacity in which suit is brought against Cortez because that capacity will affect our review of the claims against him.  *See Ferguson*, 97 S.W.3d at 213.

### A.  The Capacity in Which Cortez is Sued

A plaintiff may sue a government employee or official in the person's official capacity, individual capacity, or both. . . .  [T]he capacity in which a government official is sued is significant because it affects the party upon

4

whom liability may be imposed and from whom damages may be collected, as well as the defenses that may be raised.

*Id.* (citing *Denson v. Tex. Dep't of Crim. Justice*, 63 S.W.3d 454, 460 (Tex. App.–Tyler 1999, pet. denied); *Jackson v. Stinnett*, 881 S.W.2d 498, 500 (Tex. App.–El Paso 1994, no writ)).

If the plaintiff sues a person in his or her official capacity, the plaintiff is not attempting to impose liability on the individual specifically named but, rather, on the governmental unit the official represents. *Vela v. Rocha*, 52 S.W.3d 398, 403 (Tex. App.–Corpus Christi 2001, no pet.). "Persons sued in their official capacity may raise any defense available to the governmental unit, including sovereign [or governmental] immunity." *Ferguson*, 97 S.W.3d at 214 (citation and footnote omitted). A claim against a person in his or her individual capacity, by contrast, "seeks to impose liability on the person being sued for personal actions taken under the color of state law"; damages in such a suit are collectible from the individual and not the governmental unit. *Id.* Persons sued in their individual capacities may not rely on sovereign immunity, although they may assert the affirmative defense of official immunity. *Vela*, 52 S.W.3d at 403-04. Persons sued in both their official and individual capacities may claim both sovereign and official immunity. *Ferguson*, 97 S.W.3d at 215 (citing *Bagg v. Univ. of Tex. Med. Branch at Galveston*, 726 S.W.2d 582, 586 (Tex. App.–Houston [14th Dist.] 1987, writ ref'd n.r.e.)). However, they are entitled to sovereign immunity protection "only to the extent that they were acting in their official capacity." *Id.*

5

Zellers did not specify in his petition whether he was suing Cortez in an official or individual capacity.[2]  When a petition does not specify the capacity in which a person is being sued, we look to the "course of proceedings" to ascertain the nature of the liability the plaintiff seeks to impose.  *Id.* (citing *Kentucky v. Graham*, 473 U.S. 159, 166 n.14 (1985)).

Zellers claims that he intended to sue Cortez in his individual capacity.  He states that, in his petition, he never referred to Cortez as "Mayor Richard Cortez" or "Mayor Cortez" and that he served Cortez with process at his personal business address.  However, Zellers acknowledges that the factual basis of his claim stems from Cortez's actions taken as mayor during negotiations between the City of McAllen and the McAllen Police Officers' Union, and we believe that this is the determinative portion of Zellers's pleading.

In our review of the pleadings, we must ascertain the true nature of Zellers's claims and not exalt form over substance.  *See Pickell v. Brooks*, 846 S.W.2d 421, 424 n.5  (Tex. App.–Austin 1992, writ denied) (citing *State v. Lain*, 162 Tex. 549, 349 S.W.2d 579, 582 (Tex. 1961)); *see also Spellmon v. Tex. Dep't of Criminal Justice–Inst. Div.*, No. 14-96-00237-CV, 1997 WL 109985, at *3 (Tex. App.–Houston [14th Dist.] Mar. 13, 1997) (not designated for publication).  Here, there were no claims in Zellers's petition involving any act by Cortez outside of his public servant persona.  *See Gomez v. Hous. Auth. of El Paso*, 148 S.W.3d 471, 482 (Tex. App.–El Paso 2004, pet. denied) (finding no individual

---

[2]We note here—and have noted in the past—that a plaintiff should specify the relevant capacity in the style of his petition to avoid the confusion that the trial court undoubtedly faced below and this Court now faces on appeal.  *See Nueces County v. Ferguson*, 97 S.W.3d 205, 215 n.12 (Tex. App.–Corpus Christi 2002, no pet.) (citing *Morris v. Collins*, 916 S.W.2d 527, 530 n.2 (Tex. App.–Houston [1st Dist.] 1995, no writ) (O'Connor, J., concurring)).

6

claim against a defendant where the complained-of actions involved her duties as a government employee); *Terrell v. Sisk*, 111 S.W.3d 274, 281-82 (Tex. App.–Texarkana 2003, no pet.) (holding that a judge was sued in his official capacity because the petition did not involve "a situation where there [was] a mixture of allegations, some of which [were] directed at actions taken outside a public capacity. In this case, all allegations were of claimed wrongdoing or negligence by [the judge] in actions he was able to take only because of his position as a public servant"). Rather, the complained-of actions occurred when Cortez appeared on a local radio talk show, as mayor, to discuss pending issues between the City and the Union and when, as mayor, Cortez authorized the publication of advertisements that allegedly impugned Zellers's reputation. *See Ferguson*, 97 S.W.3d at 216 (holding that the plaintiff sued the sheriff defendant in his official capacity, in part, because the complained-of actions were within the scope of the defendant's authority as sheriff).

Based on the foregoing, we conclude that Zellers sued Cortez in his official capacity only. *See Gomez*, 148 S.W.3d at 482; *Terrell*, 111 S.W.3d at 282. Therefore, Cortez was entitled to any defense the governmental entity he represents may have asserted. *See Ferguson*, 97 S.W.3d at 214.

### B. Governmental Immunity

By his first issue, Zellers complains that the trial court erred in granting Cortez's plea to the jurisdiction because Zellers sued Cortez in his individual capacity, and Cortez was therefore not entitled to the protections of governmental immunity. We disagree.

When a plaintiff sues a governmental entity or official, it must affirmatively demonstrate the trial court's jurisdiction by alleging a valid waiver of immunity. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003); *City of Alton v. Sharyland*

*Water Supply Corp.*, 145 S.W.3d 673, 678 (Tex. App.–Corpus Christi 2004, no pet.). Governmental immunity shields a city from liability except to the extent immunity is waived by the Texas Tort Claims Act. *See City of Alton*, 145 S.W.3d at 679; *City of Hempstead v. Kmiec*, 902 S.W.2d 118, 122 (Tex. App.–Houston [1st Dist.] 1995, no pet.). The Texas Tort Claims Act does not waive immunity for intentional torts. TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2) (Vernon 2005).

Here, Zellers's petition only alleges claims for intentional torts—defamation, defamation per se, libel, libel per se, and intentional infliction of emotional distress. Because Cortez is protected by governmental immunity and is therefore shielded from liability for intentional torts, *see Ferguson*, 97 S.W.3d at 214 (providing that a government employee sued in his official capacity is entitled to the same immunity as the governmental entity he represents), we conclude that Zellers's pleadings affirmatively negate the existence of jurisdiction, and the trial court therefore did not err in granting Cortez's plea to the jurisdiction on that basis. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2); *Brown*, 80 S.W.3d at 555. Zellers's first issue is overruled.[3]

## IV. CONCLUSION

We affirm the trial court's order granting Cortez's plea to the jurisdiction and dismissing Zellers's claims with prejudice.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
6th day of May, 2010.

---

[3]Having determined that Zellers sued Cortez in his official capacity and governmental immunity therefore barred suit against Cortez, we need not reach Zellers's second and third issues regarding official immunity. *See* TEX. R. APP. P. 47.1.

8