

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-13-00250-CR
_____

FELIPE ESCOBAR, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 64th District Court
Swisher County, Texas
Trial Court No. A-4309-10-03; Honorable Robert W. Kinkaid, Jr., Presiding

March 10, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

In April 2010, pursuant to a plea agreement, Appellant, Felipe Escobar, Jr., pled guilty to the offense of burglary of a habitation[1] and was sentenced to five years deferred adjudication community supervision with conditions. In November 2011, the State moved to revoke Appellant's community supervision and proceed to adjudication alleging Appellant had violated various conditions of the order deferring an adjudication

---

[1] See TEX. PENAL CODE ANN. § 30.02(c)(2) (West 2011). An offense under this section is a second degree felony.

of guilt.  In December 2011, Appellant pled true to the violations alleged by the State, and in January 2012, the trial court issued an order continuing Appellant's community supervision and imposing additional conditions of supervision.  In February 2013, the State again moved to revoke Appellant's community supervision and proceed to adjudication alleging Appellant had violated various conditions of the original order as modified.  In July, Appellant pled true to the violations alleged by the State.  Thereafter, the trial court granted the State's motion, issued its judgment adjudicating Appellant's guilt, and sentenced him to twelve years confinement and a fine of $1,000.  In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw.  We grant counsel's motion and affirm the judgment.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, the record reflects no potentially plausible basis for reversal of Appellant's conviction.  *Anders v. California,* 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed.2d 493 (1987); *In re Schulman,* 52 S.W.3d 403, 406 (Tex. Crim. App. 2008).  Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion.  *See High v. State,* 573 S.W.2d 807, 813 (Tex. Crim. App. 1978).  Counsel has demonstrated he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to review the record and file a *pro se* response if he desired to do so,[3] and (3) informing him of his right to file a *pro se* petition for

---

[2] *Anders v. California,* 386 U.S. 738, 87 S. Ct.1396, 18 L. Ed.2d 493 (1967).

[3] Pursuant to *Kelly v. State,* 436 S.W.3d 313 (Tex. Crim. App. 2014), counsel provided a copy of the appellate record to Appellant.

discretionary review.  *In re Schulman*, 252 S.W.3d at 408.[4]  The Clerk of this Court also advised Appellant by letter of his right to file a response to counsel's brief and Appellant did file a response.  The State elected not to file a brief.

When we have an *Anders* brief by counsel and a *pro se* response by an appellant, we have two choices.  We may determine that the appeal is wholly frivolous and issue an opinion explaining that we have reviewed the record and find no reversible error; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005) (citing *Anders*, 386 U.S. at 744), or we may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief issues.  *Id.*  (citing *Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991)).

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal.  *See Penson v. Ohio,* 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed.2d 300 (1988); *In re Schulman* 252 S.W.3d at 409; *Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  We have found no such grounds.  *See Gainous v.* State, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969).  After reviewing the record, counsel's brief, and the *pro se* response, we agree with counsel that there is no plausible basis for reversal.  *See Bledsoe,* 178 S.W.3d at 826-27.

---

[4] Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal,* counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review.  *In re* Schulman, 252 S.W.3d at 408 n.22 & 411 n.35.  The duty to send the client a copy of this court's decision is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw.  *Id.* at 411 n.33.

Accordingly, the trial court's judgment is affirmed and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.