

## NUMBER 13-17-00455-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

---

JOHNNY LEE DAVIS,                                                    Appellant,

v.

THE CITY OF ARANSAS PASS,
ARANSAS POLICE DEPT., ARANSAS
PASS CITY GOVERNMENT CHIEF OF
POLICE ERIC BLANCHARD, CAPTAIN
KYLE RHODES, DETECTIVE LEO MARTINEZ                                  Appellees.

---

On appeal from the 343rd District Court
of San Patricio County, Texas.

---

## MEMORANDUM OPINION

Before Justices Contreras, Longoria, and Hinojosa
Memorandum Opinion by Justice Longoria

Appellant Johnny Lee Davis appeals from the granting of appellee's motions for summary judgment. By five issues, Davis argues the trial court erred when it granted the motions for summary judgment on each of his claims. We affirm.

## I.    BACKGROUND

On or about September 2014, Davis brought suit against appellees, the City of Aransas Pass, Aransas Pass Police Department, Aransas Pass City Government, Chief of Police Eric Blanchard, Captain Kyle Rhodes, and Detective Leo Martinez for claims of:

> (1) slander per se—injury to professional reputation; (2) slander per se—injury to personal reputation; (3) slander per se—accusations of criminal conduct; (4) slander by implication; (5) slander—reckless disregard/malice; (6) libel per se—injury to professional reputation; (7) libel per se—injury to personal reputation; (8) libel by implication; (9) libel per se—accusations of criminal conduct; (10) libel—reckless disregard/malice; (11) intentional infliction of emotional distress; (12) negligence; and (13) deprivation of U.S. Constitutional rights, privileges and protections.

Davis was confined in a federal penitentiary at the time of the case filing and was allowed to proceed in forma pauperis. The case was dormant until the citations were issued on May 19, 2016. Defendants then removed the case to federal court in June 2016. Upon removal to federal court, Davis dropped his federal claims and the case was remanded back to state court in September 2016, on his live claims for libel, slander, intentional infliction of emotional distress, and negligence.

Davis's complaints arise out of alleged defamatory statements made during an investigation into the murder of a sixteen-year-old girl, Jenna Hernandez. Davis alleges that there was publication of numerous false oral statements, made by police officers, alleging his involvement in the murder of Hernandez. Specifically, Davis complained that statements made by the police during their investigation as well as statements made in the course of judicial proceedings and used in court documents in relation to the murder

2

investigation, which were subsequently published by news outlets, constituted libel and slander, were negligent, and were made with the intent to cause him emotional distress.

In March 2016, Davis was indicted for criminal solicitation. *See* TEX. PENAL CODE ANN. § 15.03 (West, Westlaw through 2017 1st C.S.). In February 2017, Davis was convicted of soliciting the murder of Hernandez.[1] Following his conviction, in March 2017, appellees in the underlying civil matter moved for traditional and no-evidence summary judgment. In their motions, appellees asserted governmental immunity and derived immunity; they asserted that Davis's claims are barred because they challenge the legality of his confinement and because the statements about which he complains were true; and they argued that the statements were privileged. Alternatively, appellees also asserted that Davis's claims are barred by the statute of limitations and the doctrine of laches because Davis failed to exercise diligence in serving appellees with citation. The trial court granted the motions for summary judgment and this appeal followed.

## II. MOTIONS FOR SUMMARY JUDGMENT

In five issues, Davis argues that the trial court erred in granting appellees' motions for summary judgment. Specifically, Davis argues: (1) the trial court abused its discretion in dismissing the case when his claims were cognizable; (2) the trial court abused its discretion by dismissing the case for lack of jurisdiction and immunities; (3) the trial court erred in granting summary judgment based on its own resolution of disputed facts; (4) the trial court erred when it denied that his factual allegations raised a material issue; and (5)

---

[1] Appellant's conviction has been affirmed on appeal by this Court. *See Davis v. State*, No. 13-17-00103-CR, 2018 WL 3583788, at *1 (Tex. App.—Corpus Christi July 26, 2018, no pet. h.) (mem. op. not designated for publication).

the trial court abused its discretion by stating that slander and libel are not cognizable claims.

## A. Standard of Review and Applicable Law

A motion for summary judgment may be brought on no-evidence or traditional grounds. *See* TEX. R. CIV. P. 166a(c), (i). A motion for no-evidence summary judgment is equivalent to a motion for pretrial directed verdict, and we apply the same legal sufficiency standard on review. *Nalle Plastics Family Ltd. P'ship v. Porter, Rogers, Dahlman & Gordon, P.C.*, 406 S.W.3d 186, 199 (Tex. App.—Corpus Christi 2013, pet. denied). Such a motion should be granted if there is no evidence of at least one essential element of the claimant's cause of action. *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008). All that is required of the non-movant is to produce a scintilla of probative evidence to raise a genuine issue of material fact on the challenged element. *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003). Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact. *Id.* More than a scintilla of evidence exists if it would allow reasonable and fair-minded people to differ in their conclusions. *Id.*

When reviewing a traditional summary judgment, we must determine whether the movant met its burden to establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). We review the trial court's summary judgment de novo. *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). In order to prevail on a traditional summary judgment claim, the movant must either (1) disprove at least one element of the plaintiff's theory of recovery or (2) plead and conclusively establish each essential element of an affirmative

defense. *Biaggi v. Patrizio Rest., Inc.*, 149 S.W.3d 300, 303 (Tex. App.—Dallas 2004, pet. denied) (citing *Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979)).

When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Provident Life*, 128 S.W.3d at 215 (citing *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002); *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997)). Because the trial court did not specify the grounds upon which summary judgment was granted, we will affirm the judgment "if any of the theories presented to the trial court and preserved for appellate review are meritorious." *Joe v. Two Thirty Nine J.V.*, 145 S.W.3d 150, 157 (Tex. 2004).

## B. Governmental Immunity Analysis

Appellees' argue that summary judgment was appropriately granted because they are immune from tort liability and such immunity was not waived under the Texas Tort Claims Act (TTCA). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001 (West, Westlaw through 2017 1st C.S.). When a plaintiff sues a governmental entity or official, it must affirmatively demonstrate the trial court's jurisdiction by alleging a valid waiver of immunity. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003); *City of Alton v. Sharyland Water Supply Corp.*, 145 S.W.3d 673, 678 (Tex. App.—Corpus Christi 2004, no pet.). Governmental immunity shields a city from liability except to the extent immunity is waived by the TTCA. *See City of Alton*, 145 S.W.3d at 679; *City of Hempstead v. Kmiec*, 902 S.W.2d 118, 122 (Tex. App.—Houston [1st Dist.] 1995, no

5

pet.).  The TTCA does not waive immunity for intentional torts.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2) (West, Westlaw through 2017 1st C.S.).

In response, appellant argues in his second issue that his underlying claims are against the actors in their individual capacities, and thus he argues immunity is not warranted.  If the plaintiff sues a person in his or her official capacity, the plaintiff is not attempting to impose liability on the individual specifically named but, rather, on the governmental unit the official represents.  *Vela v. Rocha*, 52 S.W.3d 398, 403 (Tex. App.—Corpus Christi 2001, no pet.).  "Persons sued in their official capacity may raise any defense available to the governmental unit, including sovereign [or governmental] immunity."  *Nueces Cnty. v. Ferguson*, 97 S.W.3d 205, 214 (Tex. App.—Corpus Christi 2002, no pet.) (citation and footnote omitted).  A claim against a person in his or her individual capacity, by contrast, "seeks to impose liability on the person being sued for personal actions taken under the color of state law"; damages in such a suit are collectible from the individual and not the governmental unit.  *Id.*  Persons sued in their individual capacities may not rely on sovereign immunity, although they may assert the affirmative defense of official immunity.  *Vela*, 52 S.W.3d at 403–04.  Persons sued in both their official and individual capacities may claim both sovereign and official immunity. *Ferguson*, 97 S.W.3d at 215 (citing *Bagg v. Univ. of Tex. Med. Branch at Galveston*, 726 S.W.2d 582, 586 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.)).  However, they are entitled to sovereign immunity protection "only to the extent that they were acting in their official capacity."  *Id.*  In our review of the pleadings, we must ascertain the true nature of appellant's claims and not exalt form over substance.  *See Pickell v. Brooks*,

846 S.W.2d 421, 424 n. 5 (Tex. App.—Austin 1992, writ denied) (citing *State v. Lain*, 162 Tex. 549, 349 S.W.2d 579, 582 (Tex. 1961)).

Davis's live pleading contains claims that rely upon statements that were made or issued by appellees "acting in the color of [their] office." Although he names each appellee individually, his argument and underlying suit stem from allegedly defamatory statements made by appellees in their official capacities. *See Gomez v. Hous. Auth. of El Paso*, 148 S.W.3d 471, 482 (Tex. App.—El Paso 2004, pet. denied) (finding no individual claim against a defendant where the complained-of actions involved her duties as a government employee); *Terrell v. Sisk*, 111 S.W.3d 274, 281-82 (Tex. App.—Texarkana 2003, no pet.) (holding that a judge was sued in his official capacity because the petition did not involve "a situation where there [was] a mixture of allegations, some of which [were] directed at actions taken outside a public capacity. In this case, all allegations were of claimed wrongdoing or negligence by [the judge] in actions he was able to take only because of his position as a public servant").

Also, in his response to appellees' motions for summary judgment pertaining to immunity, appellant relies upon *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), to argue that a governmental entity is responsible for injury inflicted through libel and is not immune to such claims. However, appellant's reliance on *Monell* is misplaced. *Monell* analyzes the immunity of a municipality or governmental agency in relation to a violation of the Civil Rights Act. *See id.* at 691; *see also* 42 U.S.C. § 1983. In order to remain in state court, appellant dropped his claim under 42 U.S.C. § 1983, and cannot now rely on such a claim to establish his claim that the appellees are not entitled to immunity.

Here, appellant's petition alleges claims for intentional torts—defamation, defamation per se, libel, libel per se, and intentional infliction of emotional distress. Appellant also makes a claim for negligence which stems solely from his intentional tort claims.[2] As noted, the TTCA does not waive governmental immunity for intentional tort claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2); *see also Ferguson*, 97 S.W.3d at 214 (providing that a government employee sued in his official capacity is entitled to the same immunity as the governmental entity he represents). We therefore conclude that the trial court did not err in granting appellees' motion for summary judgment on the basis of governmental immunity. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2); *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). Appellant's second issue is overruled.[3]

### III.    CONCLUSION

We affirm the judgment of the trial court.

NORA L. LONGORIA
Justice

Delivered and filed the
29th day of August, 2018.

---

[2] Davis's claims for negligence arise out of his underlying argument that the alleged defamatory statements were made negligently.

[3] Having determined that appellant sued appellees in their official capacity and governmental immunity therefore barred suit against appellees, we need not reach appellant's remaining issues. *See* TEX. R. APP. P. 47.1.