NUMBER 13-02-230-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

 



NUECES COUNTY AND LARRY OLIVAREZ, SHERIFF,              Appellants,

 

                                                   v.

 

GAYLE
C. FERGUSON,                                                           Appellee.

 

 



                        On appeal from the 214th District Court

                                  of Nueces
County, Texas.

 



 

                                   O P I N I O N

 

                   Before Justices Hinojosa, Castillo, and
Chavez[1]

                                  Opinion by Justice Castillo

 








This is
an interlocutory appeal from the denial of a plea to the jurisdiction.[2]  In two issues, appellants Nueces County (Athe
County@) and
Sheriff Larry Olivarez (Athe Sheriff@) assert
that the trial court erred in denying their plea to the jurisdiction.  We reverse and render.

BACKGROUND

In March
of 1996, appellee, Gayle Ferguson, an employee of the Nueces County Sheriff=s
Department, applied for a posted position of training officer with the Sheriff=s
Department but was not awarded the position. 
The position instead went to Stanley Repka.   Ferguson consequently filed a grievance
against the sheriff of Nueces County[3]
with the Nueces County Civil Service Commission (Athe
Commission@) for
the sheriff=s
failure to appoint him to the position.  

The
Commission issued a decision on December 16, 1996, that stated, AThe
Commission holds that Sgt. Stanley Repka lacks the minimum qualifications for
position number 015, Job Class & Title 1432 Training Officer@ and
pronounced that the Commission was deciding in favor of Ferguson.  However, the Commission made no findings, nor
did it award the position of training officer to Ferguson. 








The
position was reannounced in May of 1997 with the same qualifications listed and
Ferguson again applied.  The position was
reannounced later with different qualifications and awarded to Repka.  Consequently, in November of 1998, Ferguson
filed a lawsuit against the County and against Sheriff Larry Olivarez.[4]

While
the lawsuit was pending, Ferguson, who remained in the employ of the Sheriff=s
Department, was terminated after being disciplined repeatedly.[5]  He appealed his termination to the
Commission.  The Commission issued a
decision on the termination on August 15, 2001, wherein it made the following AFINDINGS
AND DECISIONS@: AIt is the unanimous decision of the
members of the Commission in regards to Grievance Number 02091-1, Gayle C.
Ferguson v. Nueces County Sheriff=s Department to reduce the termination to
a ninety day suspension.@  No
other decision or finding was made.








On
September 17, 2001, Ferguson amended his petition in the pending lawsuit.  In his amended petition, he stated he was
seeking Aenforcement
of the Civil Service Commission findings of December 1996 by prospective
injunction placing [Ferguson] in the position for which he was the most highly
qualified in 1996" and Afull reinstatement from termination in
2001" as well as Aenforcement of the benefits attendant to
the position of sergeant in the form of retroactive pay for the position as he
would have earned if not terminated or suspended.@  He also stated that he was seeking Afull
reinstatement without suspension expungement of his derogatory work record and
full back pay,@ asserting that he was Aentitled
to such relief under the Civil Service Rules, state law, and because such
losses are a result of discrimination and retaliation.@  Ferguson also alleged that the acts and
conduct of ADefendants@ as
alleged in the petition constituted intentional infliction of emotional
distress as A[they]
had acted knowingly and intentionally to deprive Plaintiff of the rightful
benefits of the position.@ 
Under the final section of his petition, entitled ADamages,@
Ferguson requested: (1) a temporary restraining order restraining appellants
from conferring the status of Training Officer on anyone other than himself or
from allowing anyone other than himself to function as Training Officer; 2)
that ADefendant
be restrained from suspending [Ferguson] retroactively and full back pay be
awarded;@ and
that (3) Aa
temporary injunction be granted.@[6]  Ferguson also requested that Aon final
trial, Plaintiff have and recover judgment against Defendants for@: (1) Athe
value of the loss of the position of Training Officer;@ (2) Adamages
for negligent violation of employment policies and compensation and benefits
due@ to him;
(3) Aadditional
sums for past and future damages sustained by [Ferguson] for intentional
infliction of emotional distress and for mental anguish;@ (4) Afull
back and front pay;@ (5) Aprejudgment interest and postjudgment
interest at the maximum legal rate until all damage awards have been paid in
full;@ (6)
reasonable and necessary attorney=s fees; (7) costs of court; and (8) all
other relief to which he might show himself entitled.








To this
amended pleading, appellants filed a second amended plea to the jurisdiction
and motion to dismiss[7]
on November 28, 2001, asserting that the trial court lacked subject matter
jurisdiction because Ferguson failed to file a petition in the district court
within thirty days after the dates of the Commission=s
decisions as required by local government code section 158.012(a).[8]  Tex.
Loc. Gov=t Code Ann. '158.012(a) (Vernon 1999).  Appellants also argued that sovereign
immunity deprived the trial court of jurisdiction over the tort claims
alleged.  After hearing arguments and
reviewing briefs on the issue, the trial court denied the plea to the
jurisdiction.  This interlocutory appeal
ensued.  

ISSUES
PRESENTED 








In their
first issue, appellants assert that the trial court erred in denying their plea
to the jurisdiction and motion to dismiss because they were immune from suit
under the doctrine of sovereign immunity. 
In their second issue, appellants assert that the trial court erred in
denying the plea to the jurisdiction and motion to dismiss because Ferguson
failed to comply with the statutory requirements of local government code
section 158.012(a), thereby depriving the trial court of subject matter
jurisdiction over the Commission=s decisions rendered on December 16, 1996
and August 15, 2001.     

 Ferguson presents no response to appellant=s first
issue.  To the second issue, Ferguson
counters that he seeks to neither affirm nor reverse the Commission=s
decisions since he should not be required to appeal to accomplish the clear
ruling of the commission.  Rather,
Ferguson argues, he is entitled to immediate compliance or an enforcement
ruling because no appeal was taken by the sheriff.

STANDARD
OF APPELLATE REVIEW








This
appeal is strictly limited to our review of the trial court=s ruling
on the plea to the jurisdiction.  Tex. Civ. Prac. & Rem. Code Ann. '51.014(a)(8)
(Vernon Supp. 2002).  On appeal, because
the question of subject matter jurisdiction is a legal question, we review the
trial court's ruling on a plea to the jurisdiction under a de novo
standard of review.  Mayhew v. Town of
Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). 
To determine whether appellees have affirmatively demonstrated the court=s
jurisdiction to hear the case, we consider the facts alleged in the petition,
and to the extent it is relevant to the jurisdictional issue, any evidence
submitted by the parties to the trial court. 
Tex. Natural Res. Conservation Comm=n v.
White, 46 S.W.3d 864, 868 (Tex. 2001); Bland Indep. Sch. Dist. v.
Blue, 34 S.W.3d 547, 555 (Tex. 2000).  Our task is not to decide the merits of the
case but rather to examine the claims in the pleadings, taking as true the
facts pled,[9]
and determine whether those facts support jurisdiction in the trial court.  Baston v. City of Port Isabel, 49
S.W.3d 425, 427-28 (Tex. App.BCorpus Christi 2001, pet. denied).

We must
construe the pleadings in the plaintiff=s favor and look to the pleader=s
intent. County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002); Peek
v. Equip. Serv. Co., 779 S.W.2d 802, 804 (Tex. 1989).   A plaintiff bears the burden to allege facts
affirmatively demonstrating the trial court=s
jurisdiction to hear a case.  Tex. Ass=n of
Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993); Mission
Consol. Indep. Sch. Dist. v. Flores, 39 S.W.3d 674, 676 (Tex. App.BCorpus
Christi 2001, no pet.).  If a plaintiff
pleads facts that affirmatively demonstrate an absence of jurisdiction, and the
defect is incurable, then the cause is properly dismissed.  Peek, 779 S.W.2d at 804-05; City of
Austin v. L.S. Ranch, 970 S.W.2d 750, 753 (Tex. App.BAustin
1998, no pet.).  However, the mere
failure of a petition to state a cause of action does not show a want of
jurisdiction in the court.  Bybee v.
Fireman=s Fund Ins. Co., 160
Tex. 429, 331 S.W.2d 910, 917 (1960).  If
the plaintiff=s pleadings are insufficient to
demonstrate the court=s jurisdiction,  but do not affirmatively show incurable
defects in jurisdiction, the proper remedy is to allow the plaintiff an
opportunity to amend before dismissal.  Brown, 80 S.W.3d at 555; Peek, 779
S.W.2d at 805. 








CLAIMS
AGAINST SHERIFF OLIVAREZ

As a
preliminary matter, we must consider the capacity in which suit is brought
against Sheriff Larry Olivarez as such will affect our review of the claims
against him.








A
plaintiff may sue a governmental employee or official in the person=s
official capacity, individual capacity, or both.  Denson v. Tex. Dep=t of
Crim. Justice, 63 S.W.3d 454, 460 (Tex. App.BTyler
1999, pet. denied).  However, claims
against governmental employees or officials in their official capacities are
separate and distinct from claims against them in their individual
capacities.  Vela v. Rocha, 52
S.W.3d 398, 403 (Tex. App.BCorpus Christi 2001, no pet.).  Indeed, a person sued in his legal capacity
is regarded as a distinct legal personage from that same person sued in his
individual capacity.  Elizondo v. Tex.
Natural Res. Conservation Comm=n, 974 S.W.2d 928, 931 (Tex. AppBAustin
1998, no pet.)(citing Alexander v. Todman, 361 F. 2d 744, 746 (3rd Circ.
1966); accord Bender v. Williamsport Area Sch. Dist., 475 U.S.
534, 543-44 & n.6 (1986)).  Thus,
a person in his official capacity is a Astranger to his rights and liabilities as
an individual@ and vice versa.  Elizondo, 974 S.W.2d at 931 (quoting
Todman, 361 F.2d at 746).  A
person filing suit against an individual solely in an official capacity thus
cannot impose liability or recover damages from that same person in an
individual capacity, nor can a suit solely against a person in an individual
capacity result in liability or the execution of a judgment against the
governmental unit that the person represents in an official capacity.  Bender, 475 U.S. at 544 (quoting Brandon
v. Holt, 469 U.S. 464, 471-72 (1985) and Kentucky v. Graham, 473
U.S. 159, 165-66 (1985)).  Accordingly,
the capacity in which a governmental employee or official is sued is
significant because it affects the party upon whom liability may be imposed and
from whom damages may be collected, as well as the defenses that may be
raised.  Jackson v. Stinnett, 881
S.W.2d 498, 500 (Tex. App.BEl Paso 1994, no writ).  

 In a suit against a person in an official
capacity, a plaintiff is actually seeking to impose liability against the
governmental unit the sued person represents, rather than on the individual
specifically named.  Rocha, 52
S.W.3d at 403 (citing Graham, 473 U.S. at 166).  The suit is, then, in actuality, one against
the governmental unit, which is the legal entity that will be held liable for
any judgment rendered against the 
individual sued in an official capacity. 
Graham, 473 U.S. at 165-66. 
By contrast, a suit against a person in an individual capacity seeks to
impose personal liability on the individual being sued for personal actions
taken under color of state law, and so damages in that instance may be
collected only from the individual defendant sought to be held liable and not
from the governmental unit that employs the defendant.  Id. 













The
capacity in which a governmental employee or official is sued likewise affects
the immunity defenses that may be asserted. 
Rocha, 52 S.W.3d at 403 (AEach capacity involves a separate and
distinct form of potential immunity . . .@). 
Persons sued in their official capacity may raise any defense available
to the governmental unit, including sovereign immunity.[10]  Gonzalez v. Avalos, 866 S.W.2d 346,
349 (Tex. App.BEl Paso 1993), writ dism=d w.o.j., 907
S.W.2d 443 (Tex. 1995)(per curiam); Bagg v. Univ. of Tex. Med. Branch at
Galveston, 726 S.W.2d 582, 586 (Tex. App.BHouston
[14th Dist.] 1987, writ ref=d n.r.e.). 
An individual sued in an official capacity may enjoy the protections of
sovereign immunity to the same extent as those protections are available to the
person=s
employer and thus, if the governmental unit would be immune due to sovereign
immunity, so is the governmental official sued in his official capacity.[11]  City of Hempstead v. Kmiec, 902 S.W.2d
118, 122 (Tex. App.BHouston [1st Dist.] 1995, no writ).  Persons sued in their individual capacities,
on the other hand, may not rely on sovereign immunity protections for claims
against them in that capacity, although they may assert the defense of official
immunity.  Gonzalez, 866 S.W.2d at
349.  Finally, persons sued in both
official and individual capacities may assert both official and sovereign
immunity, although they enjoy sovereign immunity protection only to the extent
that they were acting in their official capacity.  Bagg, 726 S.W.2d at 586.

In the
instant case, Ferguson did not explicitly state in his petition whether his
claims against Larry Olivarez were brought against Olivarez in an official or
individual capacity.  When a petition
fails to specify the capacity in which a person is sued,[12]
we will look at the Acourse of the proceedings@ to
determine the nature of the liability the plaintiff seeks to impose.  Graham, 473 U.S. at 166 n.14 (citing Brandon
v. Holt, 469 U.S. 464, 469 (1985)). 








In
examining these proceedings, we note that the amended petition describes
Olivarez in the following terms: ADefendant, LARRY OLIVAREZ, SHERIFF is an
individual employed with Nueces County and may be served at the Nueces County
Courthouse, Corpus Christi, Texas.@ 
When referring to him specifically, the petition uses the term ASheriff
Olivarez@ or
simply ASheriff.@  No reference is made in the petition or in
the record before us to claims against Olivarez personally, that is, in any
individual capacity.  Further, Ferguson
does not allege in the petition that the actions he complains of, namely, the
failure to promote Ferguson to the position he applied for in 1996 as well as
his termination in 2001, were not acts within the scope of Olivarez=s
authority as sheriff.  Moreover, Ferguson
makes the same complaints against the County as he does against Olivarez and
his petition clearly contemplates that the County would be liable for any
judgment recovered, not Olivarez personally. 
Lastly, and significantly, Ferguson never served Sheriff Olivarez, in
either his official or his individual capacity,[13]
nor did Ferguson request any service on Olivarez in any capacity.  The only service requested, and made, in this
cause was on Nueces County, by way of service on the county judge.  

We
conclude that Ferguson only asserted claims against Sheriff Olivarez in his
official capacity as Sheriff of Nueces County. 
A sheriff, sued in an official capacity, is not an entity distinct from
the county.  Bowles v. Wade, 913
S.W.2d 644, 649 (Tex. App.BDallas 1995, writ denied), abrogated on
other grounds, Essenburg v. Dallas County, 988 S.W.2d 188 (Tex.
1998).  Thus, Olivarez is entitled to
assert any defense the County may assert, Gonzalez, 866 S.W.2d at 349,
and claims against him are subject to the same jurisdictional analysis as
claims against Nueces County.  Bowles,
913 S.W.2d at 649. 

We turn
then to the question of sovereign immunity.

SOVEREIGN
IMMUNITY








In their
first issue, appellants assert that Ferguson failed to allege a cause of action
for which sovereign immunity was waived, and so subject matter jurisdiction was
lacking in the trial court and their plea to the jurisdiction should have been
granted.  Ferguson does not respond to
this issue in his brief.

Sovereign
Immunity and Subject Matter Jurisdiction

Sovereign
immunity, unless waived, protects the State of Texas from lawsuits for damages
absent legislative consent.  Gen.
Servs.  Comm'n. v. Little-Tex Insulation
Co., 39 S.W.3d 591, 594 (Tex. 2001). 
Sovereign immunity derives from the principle that the sovereign may not
be sued in its courts without its consent. 
Tex. Workers' Comp. Comm'n v. Garcia, 862 S.W.2d 61, 72 (Tex. App.BSan
Antonio 1993), rev'd on other grounds, 893 S.W.2d 504 (Tex. 1995)(en
banc).  Sovereign immunity encompasses
two principles: immunity from suit and immunity from liability.  Fed. Sign v. Tex. S. Univ., 951 S.W.2d
401, 405 (Tex. 1997).  Immunity from
liability protects the State from judgments, even where there is an express
consent on the part of the Legislature to permit a suit.  Id. 
Immunity from liability is an affirmative defense that must be pled or
else it is waived.  Jones, 8
S.W.3d at 638 (citing  Davis v. City
of San Antonio, 752 S.W.2d 518, 519‑20 (Tex. 1988)).  Immunity from suit, on the other hand, bars a
suit against the State unless the State expressly gives consent to the suit.  Fed. Sign, 951 S.W.2d at 405.  Immunity from suit, then, deprives a trial
court of subject matter jurisdiction over the governmental agency, even if
liability is undisputed.  Travis
County v. Pelzel & Assocs., Inc., 77 S.W.3d 246, 248 (Tex. 2002).








A county
is a governmental unit protected by sovereign immunity.  Id. 
Likewise, a public official sued in an official capacity is protected by
the same sovereign immunity enjoyed by the governmental unit he
represents.  Morris v. Copeland, 944
S.W.2d 696, 698-99 (Tex. App.BCorpus Christi 1997, no pet.)(holding that
suit against the sheriff was a suit against the county, and both were immune
from suit by virtue of sovereign immunity). 
Accordingly, we must determine whether the claims raised in Ferguson=s
amended petition are ones for which sovereign immunity has been waived and, if
so, whether Ferguson has properly pled such claims so as to invoke jurisdiction
in the trial court.  See State Dep=t of
Crim. Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001)(finding
that a mere reference to a basis for waiver of sovereign immunity in a petition
is not enough to confer jurisdiction; the reviewing court must examine the
scope of the waiver and whether the allegations in the petition fall within the
scope of that waiver). 

Waiver
of Sovereign Immunity








The
State may waive its sovereign immunity by express legislative permission via a
resolution granting permission for a person to file suit in a specific case or
by way of a statutory authorization for waiver, either in particular
circumstances or as to specific governmental entities.  Jones, 8 S.W.3d at 638; Missouri
Pac. R.R. Co. v. Brownsville Navigation Dist., 453 S.W.2d 812,
813-14 (Tex. 1970); City of San Antonio v. Cortes, 5 S.W.3d 708, 711-12
(Tex. App.BSan
Antonio 1999, no pet.).                Certain provisions of the Texas
Constitution are self-enacting, and thus provide the right to bring an action
against the government for violations of the provisions without the need for
legislative consent.  Steele v. City
of Houston, 603 S.W.2d 786, 791 (Tex. 1980).  However, suits brought pursuant to
constitutional provisions are limited to equitable relief and do not allow a
claim for monetary damages except to the extent specifically enunciated in the
constitutional provision.  City of
Beaumont v. Buillion, 896 S.W.2d 143, 149 (Tex. 1995)(determining that no
private right for damages was permitted for violations of state constitutional
rights and vacating jury award of damages); O=Bryant
v. City of Midland, 949 S.W.2d 406, 414 (Tex. App.BAustin
1997)(op. on reh=g), aff=d in
part and rev=d in part on other grounds, 18
S.W.3d 209 (Tex. 2000)(holding that the state constitution did not authorize an
action for an award of money, specifically an award of back pay, for violation
of state constitutional rights); Fraiser v. Yanes, 9 S.W.3d 422, 427
(Tex. App.BAustin
1999, no pet.)(recognizing a Anarrow exception@ to the
bar of money awards for constitutional violations in a suit for equitable
relief to enforce a right to compensation specifically set forth in the
constitution).[14]
  

Characterization
of Suits and 

Prohibition
Against Seeking Monetary Damages

 








Certain actions against state officials have been found not to
implicate the sovereign immunity doctrine, and for such actions, no consent is
required.  Tex. Natural Res.
Conservation Comm=n v. IT-Davy, 74
S.W.3d 849, 855 (Tex. 2002). 
Specifically, no consent is required when suit is filed seeking only a
declaration or enforcement of rights.  Id.  This may be by way of a suit under the
Uniform Declaratory Judgment Act or in a suit alleging ultra vires or
unconstitutional deeds.  The
former are actions against the State or state officials to settle Auncertainty
and insecurity with respects to rights, status, and other legal relations.@ Tex. Civ. Prac. & Rem. Code Ann. '37.002
(b)(Vernon 1997).  The latter are actions
seeking declaratory relief against state officials who allegedly act without
legal or statutory authority or who act pursuant to an unconstitutional
law.  Rylander v. Caldwell, 23
S.W.3d 132, 135-36 (Tex. App.BAustin 2000, no pet.); Bagg, 726
S.W.2d at 585-86.  Suits that only seek
to compel state officials to act within their official capacities do not
attempt to subject the State to liability. 
IT-Davy, 74 S.W.3d at 855.

The Texas Supreme Court has consistently distinguished between
suits in which only a declaration or enforcement of rights against the State is
sought and suits seeking money damages against the State.  Fed. Sign, 951 S.W.2d at 404; W. D.
Haden Co. v. Dodgen, 158 Tex. 74, 308 S.W.2d 838, 841 (1958); Cobb v.
Harrington, 144 Tex. 360, 190 S.W.2d 709, 712 (1945); see also Dewhurst
v. Gulf Marine Inst. of Tech., 55 S.W.3d 91, 97 (Tex. App.BCorpus
Christi 2001, pet. denied).  The former
are not considered suits against the State for damages, and so no legislative
consent is required.  Cobb, 190
S.W.2d at 712.   








The supreme court has been adamant, however, that where a party
brings a suit ostensibly to determine or protect rights but actually seeks
monetary damages, sovereign immunity bars such a suit.  IT-Davy, 74 S.W.3d at 856; Fed.
Sign, 951 S.W.2d at 404; Dodgen, 308 S.W.2d at 841-42.  That is because a suit for money damages
attempts to control state action by imposing liability on the State.  IT-Davy, 74 S.W.3d at 856.  The supreme court has roundly condemned such
actions, stating, Aprivate parties cannot circumvent the
State=s
sovereign immunity from suit by characterizing a suit for money damages, such
as a contract dispute, as a declaratory judgment claim.@  Id. 
Therefore, sovereign immunity is not waived for a request for
declaratory relief that also seeks money damages and such a suit can only be
maintained with legislative consent.  Id.
at 860; see also Fed. Sign, 951 S.W.2d at 405 (even if party did
not need legislative consent to pursue a suit to determine its rights, it
needed legislative consent to seek its requested money damages from the State;
lacking consent, the case was properly dismissed for want of jurisdiction); Denver
City Indep. Sch. Dist. v. Moses, 51 S.W.3d 386, 392 (Tex. App.BAmarillo
2001, no pet.)(declaratory judgment action that also sought restitution was a
suit for money damages over which the trial court had no subject matter
jurisdiction absent the State=s consent to suit);  TRST Corpus, Inc. v. Fin. Ctr., Inc., 9
S.W.3d 316, 323 (Tex. App.BHouston [14th Dist.] 1999, pet. denied)(a
suit seeking a declaratory judgment of rights, money damages, and an order
enforcing rights through injunction, judicial foreclosure, and/or constructive
trust was a suit against the State for which sovereign immunity was not waived,
and so could not be maintained without legislative permission).        

The Burden on Plaintiffs








Accordingly, plaintiffs who sue the State under state law[15]
must establish a waiver of sovereign immunity in order for the trial court to
have jurisdiction, except where the suit is: (1) not actually a suit against
the state, such as an ultra vires action or an action taken pursuant to
an unconstitutional law, see Caldwell, 23 S.W.3d at 135-36; Bagg, 726
S.W.2d at 585-86; (2) does not seek to impose liability on the State, seek
money damages against the State, or seek to control state action, as in a
declaratory judgment suit, IT-Davy, 74 S.W.3d at 855; or (3) a suit
alleging constitutional violations of a self-enacting state constitutional
provision and seeking the appropriate relief provided by such provision.  Steele, 603 S.W.2d at 791.  








However, in all other state actions against the State, the
plaintiff must: (1) allege legislative consent to such suit in his petition,
either by reference to statute or express legislative permission, Jones, 8
S.W.3d at 638, unless a pleading of consent is not required for the particular
type of action;[16]
and (2) plead facts which fall within the scope of the waiver relied on, Miller,
51 S.W.3d at 587.  Aside from certain
exceptions,[17]
absent a pleading of consent in the petition, the trial court is without
jurisdiction to hear the case.  Missouri
Pac. R.R. Co., 453 S.W.2d at 814; City of San Antonio v. Cortes, 5
S.W.2d 708,711-12 (Tex. App.BSan Antonio 1999, pet. denied); Tex.
Parks & Wildlife Dep=t. v. Garrett  Place, 972 S.W.2d 140, 143 (Tex.
App.BDallas
1998, no pet.); Holder v. Mellon Mortgage Co., 954 S.W.2d 786, 804 (Tex.
App.BHouston
[14th Dist.] 1997, rev=d on other grounds, Mellon
Mortgage Co. v. Holder, 5 S.W.3d 654 (Tex. 1999).  Moreover, even if consent is pled in the
petition, or when no specific pleading of consent is required, a plaintiff must
still plead facts in the petition that fall within the scope of the consent
relied upon.  Miller, 51 S.W.3d at
587.

Ferguson=s Pleadings

As we have noted, the question before us is whether the
plaintiff=s live
pleadings before the trial court at the time of the plea to the jurisdiction,
in this case, Ferguson=s amended petition, affirmatively
demonstrate the court=s jurisdiction to hear the case.  Id.; Baston, 49 S.W.3d at
427-28; City of Hidalgo Ambulance Serv. v. Lira, 17 S.W.3d 300, 304
(Tex. App.BCorpus
Christi 2000, no pet.). 








We observe initially that the petition makes no reference to
any basis for waiver of sovereign immunity. 
Ferguson does not allege in his petition that Sheriff Olivarez acted ultra
vires,[18] does not
claim any legislative or statutory consent to maintain his action, and
specifically repudiates the County=s claim that this is an attempted appeal
of the commission=s decision, for which there would be an
express statutory waiver for an action against the County, assuming that the
provisions of section 153.012 of the local government code are met.  Tex.
Loc. Gov=t Code Ann. '153.012 (Vernon 1999). 













Moreover, review of the petition readily demonstrates it is a
suit for money damages, not a suit for declaratory or injunctive relief.  Ferguson makes no reference to a declaratory
judgment and seeks no declaratory relief against the Sheriff or the County.[19]  As for injunctive relief, while in early
portions of the petition Ferguson claims he is seeking a prospective injunction
placing him in the position which he claims he was wrongfully denied in 1996,
as well as reinstatement to the position from which he was terminated,[20] Ferguson
does not request the court to issue a permanent injunction reinstating him in
his prior position or placing him in the disputed position.  Instead, Ferguson asks that upon final trial
he receive judgment for Athe value of the loss of the position of
Training Officer@ and Aback and front pay,@[21] among
other money damages, as well as prejudgment and postjudgment interest on all
damages.  In determining the nature of a
lawsuit, we do not rely on the terms used to describe the cause of action but
rather consider the facts alleged in the petition, the rights asserted, and the
relief sought.  Karagounis v. Bexar
County Hosp. Dist., 70 S.W.3d 145, 147 (Tex. App.BSan
Antonio 2001, pet. denied)(quoting Billings v. Concordia Heritage Ass=n, Inc., 960
S.W.2d 688, 693 (Tex. App.BEl Paso 1997, pet. denied)).   We are mindful as well of the supreme court=s
exhortation that parties may not Acircumvent the State=s
sovereign immunity@ by bringing a suit whose essence is Afor a
recovery of money from the State,@ Cobb, 190 S.W.2d. at 712, under
the guise of a suit to determine or protect rights.  IT-Davy, 74 S.W.3d at 855-56; see also
Fed. Sign, 951 S.W.2d at 404.  The
suit in the instant case is one for money damages, and hence it cannot be
maintained without legislative consent.  IT-Davy,
74 S.W.3d at 855-56.

Ferguson=s AEnforcement@ Claims

The only allusion that Ferguson makes on appeal to some
authority permitting the maintenance of his suit is a reference in his
discussion of the second issue on appeal that he is entitled to Aseek
equitable relief@ under article I, section 19 of the Texas
Constitution, citing City of Midland v. O=Bryant, 18
S.W.3d 209 (Tex. 2000) for support.  See
Tex. Const. art. I, '19.[22]                 

We agree with Ferguson that the Texas Constitution permits a
party to seek equitable relief for the violation of certain constitutional
provisions, including article I, Section 19, even without legislative consent.  Buillion, 896 S.W.2d at 149; Steele,
603 S.W.2d at 791.  However, we do not
find that Ferguson=s petition is such an action.








Review of the petition reveals that Ferguson does not claim
violation of article I, section 19 of the Texas Constitution or, indeed,
of  violation of any constitutional
provision of any sort.  Having
wholly failed to plead such a claim in his petition, Ferguson may not now rely
on it as a basis for waiver of sovereign immunity.  Perry v. Tex. A&I Univ.,
737 S.W.2d 106, 109 (Tex. App.BCorpus Christi 1987, writ ref=d
n.r.e.)(finding that where plaintiff did not allege a violation of
constitutional or property rights in her petition against a university, but
instead sought to impose liability and recover in monetary damages, the trial
court did not err in granting a plea to the jurisdiction since there was no
pleading that took the plaintiff out of the general rule that trial courts have
no jurisdiction to impose liability on the State without legislative
consent).  It is axiomatic that a trial
court cannot have jurisdiction over a claim that was never pled.  See Hicks v. Lamar Consol. Indep. Sch.
Dist., 943 S.W.2d 540, 543 (Tex. App.BEastland 1997, no writ)(holding that where
plaintiff on appeal asserted exceptions which would permit the trial court to
have jurisdiction, but had failed to allege the exceptions in his petition
before the trial court, jurisdiction did not lie).








Additionally, we note that Ferguson sought money damages, not
equitable relief, in his suit.  Although
a request for money damages does not affect the jurisdiction of the trial court
over a claim of a violation of article I, section 19, even when the State is a
defendant,[23] there is no
right to a money judgment for such a violation. 
Tex. A&M Sys. v. Luxemburg, No. 14-00-00105-CV, 2002 Tex.
App. LEXIS 7058, at *31-32 (Tex. App.BHouston [14th Dist.], October 3, 2002, no
pet. h.)(reversing award of Aback salary and attendant benefits@ against
university system for violation of right of due course of law under state
constitution because constitution does not provide right of action for
damages); Univ. of Tex. Sys. v. Courtney, 946 S.W.2d 464, 469 (Tex. App.BFort
Worth 1997, writ denied)(op. on reh=g)(claim could not be brought against
university system for monetary, non-equitable damages under the state
constitution=s due
process provision); Alcorn v. Vaksman, 877 S.W.2d 390, 404 (Tex. App.BHouston
[1st Dist.] 1994, writ denied)(en banc)(holding university officials immune in
their official capacities for monetary claims based on violations of the state
constitution); accord Tex. State Employees=
Union/CWA Local 6184 v. Tex. Workforce Comm=n, 16
S.W.3d 61, 67 (Tex. App.BAustin 2000, no pet.)(where appellants
sought equitable relief in form of order reinstating them to jobs rather than
monetary damages, relief sought was permissible under article I, section 19).

There are certain actions for which the legislature has expressly
waived sovereign immunity and permitted a plaintiff to subject the State to
suit and liability  for  back and front pay and other monetary damages
related to employment, as well as for injunctive relief, such as actions under
the Texas Commission on Human Rights Act[24]
or the Texas Whistleblower Act.[25]  Tex.
Lab. Code Ann. ''21.002(8)(C),(D),
21.051, 21.258(b),  21.2585, 21.259
(Vernon 1996 & Supp. 2002); Tex. Gov=t Code Ann. ''554.001, 554.003, 554.0035 (Vernon 1994
& Supp. 2002).  Ferguson=s Aenforcement@ claims,
however, are not brought pursuant to these acts or any other for which the
legislature has provided a waiver of sovereign immunity.  








Thus, since the petition in the instant suit attempts to
subject a governmental unit to liability for money damages without the
necessary legislative consent, the face of Ferguson=s
pleadings affirmatively demonstrate a lack of jurisdiction in the trial
court.  IT-Davy, 74 S.W.3d at
855-56; Fed. Sign, 951 S.W.2d at 405; Moses, 51 S.W.3d at 392; TRST
Corpus, 9 S.W.3d at 323.

Ferguson=s Tort Claims

Furthermore, as to Ferguson=s claims
of tortious actions, specifically, Aintentional infliction of emotional
distress@ and Anegligent
violation of employment policies,@ we note that Ferguson does not assert
that the Texas Tort Claims Act[26]
provides the necessary waiver to maintain such action.  In any case, such a claim would not avail him
as to either alleged tort as neither falls within the scope of such act.    

As to the intentional tort, the Texas Tort Claims Act
specifically preserves sovereign immunity as to intentional torts.  Tex.
Civ. Prac. & Rem. Code Ann. '101.057(2) (Vernon 1997).  Thus sovereign immunity is not waived for a
claim of intentional infliction of emotional distress.   








As to the negligence claim, assuming that a claim of Anegligent
violation of employment policies@ is an attempt to raise a claim of
negligent implementation of a discretionary policy, Ferguson has failed both to
state a claim and to plead facts that would support such a claim.  Negligent implementation of policy is a
theory of liability predicated on the distinction between negligent formulation
of discretionary policy, for which sovereign immunity is preserved, and
negligent implementation of that same formulated discretionary policy,
for which it is not.  City of
Brownsville v. Alvarado, 897 S.W.2d 750, 754 (Tex. 1995).  To state a negligent implementation claim, a
plaintiff must identify a particular policy adopted by the governmental unit
and state facts which raise a claim that the policy was negligently carried out
at the operational level.  See Tarrant
County Water Control & Improvement Dist. No. 1 v. Crossland, 781 S.W.2d
427, 433 (Tex. App.BFort Worth 1989, writ denied)(holding that
allegation of a general policy to warn of danger did not make the State liable
for the particular decision to design a bridge without lights); Waco v.
Hester, 805 S.W.2d 807, 812-13 (Tex. App.BWaco
1990, writ denied)(finding that a claim of negligent implementation of policy
was asserted when the plaintiff complained of specific violations of
implementation of the city jail=s policy regarding segregation of
prisoners).








Ferguson made no assertions of negligent implementation in his
petition.  He did not allege any
negligent implementation of any County policy, nor did he identify any policy
that the County adopted or plead any facts that would demonstrate the violation
of such policy.  In short, Ferguson did
not raise a claim of negligent implementation of policy in his petition and so
may not rely on it to establish jurisdiction in the trial court.  See Tex. Dep=t of
Transp. v. Bederka, 36 S.W.3d 266, 272 (Tex. App.BBeaumont
2001, no pet.)(finding that a petition did not state a claim for negligent
implementation where it contained no allegation that governmental unit made
a  policy decision to perform a
discretionary act but failed to implement that decision); Hicks, 943
S.W.2d at 543.

Moreover, even if such a claim had been made, the assertion of
a negligent implementation theory of liability arises only after a plaintiff
has properly asserted a waiver of immunity under section 101.021 of the tort
claims act.[27]  Tex.
Civ. Prac. & Rem. Code Ann. '101.021 (Vernon 1997); City of Orange
v. Jackson, 927 S.W.2d 784, 786 (Tex. App.BBeaumont
1996, no writ).  Since Ferguson did not
assert any claim  that fell within the
scope of section 101.021 of the tort claims act, the theory of negligent
implementation liability does not arise in this case.  Jackson, 927 S.W.2d at 786.  Accordingly, there is no waiver of sovereign
immunity as to Ferguson=s tort claims.

We sustain appellants= first issue.

APPELLANTS= SECOND ISSUE








As our resolution of appellants= first
issue is dispositive, we need not address appellants= second
issue.  See Tex. R. App. P. 47.1.

CONCLUSION

Having determined that Ferguson failed to state a claim for
which sovereign immunity is waived, we must now decide whether his petition is
incurably defective or whether, under the facts alleged in his petition, the
petition might be amended to allege a cause of action within the trial court=s
jurisdiction.   See Brown, 80
S.W.3d at 555; Peek, 779 S.W.2d at 805.  


As we have noted, Ferguson=s suit is one for damages and thus cannot
be maintained without legislative consent. 
As Ferguson has never claimed, either to the trial court or this Court,
to have legislative consent for this suit, we conclude that it is not possible
for the petition to be amended to confer jurisdiction on the trial court.  City of Houston v. Northwood Mun. Util.
Dist. No. 1, 73 S.W.3d 304, 313 (Tex. App.BHouston
[1st Dist.] 2001, pet. denied); TRST Corpus, 9 S.W.3d at 323-24. 

We sustain appellants= first issue on appeal, reverse the trial
court=s order
denying the plea to the jurisdiction, and render judgment dismissing Ferguson=s claims
against appellants for lack of subject matter jurisdiction.                                           

ERRLINDA CASTILLO

Justice

Publish. 

Tex.
R. App. P.
47.3(b).

 

Opinion delivered and
filed

this 27th day of
November, 2002.











[1]
Retired Justice Melchor Chavez assigned to this Court by the Chief Justice of
the Supreme Court of Texas pursuant to Tex.
Gov=t Code Ann. '74.003
(Vernon 1998). 





[2]
We have jurisdiction over this interlocutory appeal pursuant to section
51.014(a)(8) of the civil practice and remedies code, which provides that an
appeal may be taken from an interlocutory order that grants or denies a plea to
the jurisdiction by a governmental unit as defined in section 101.001.  Tex.
Civ. Prac. & Rem. Code Ann. ''
51.014(a)(8), 101.001 (Vernon Supp. 2002). 
It is undisputed that the City is such a governmental unit.





[3]
At the time, an individual other than Larry Olivarez held the office of
sheriff.





[4]
The petition did not specify whether Larry Olivarez was being sued in his
official or individual capacity.





[5]
In his amended petition, Ferguson asserted that the bases for the disciplinary
actions were Abogus@
and that he was treated disparately.  He
also alleged that the reasons given for his termination were a pretext for
discrimination and retaliation.





[6]
Ferguson did not provide any more specifics in the petition about the temporary
injunction being sought.  





[7]
The docket sheet indicates that appellants filed a plea in bar of jurisdiction
with the original answer on December 31, 1999 and a first amended plea in bar
of jurisdiction on September 11, 2000 in conjunction with their first amended
answer.  No hearings appear to have been
held on these prior pleadings, and neither the docket sheet nor the record
before us reflects any other filings of pleas to the jurisdiction.





[8]
Section 158.012, titled AAppeals,@
reads:

 

(a)
A county employee who, on a final decision by the commission, is demoted,
suspended, or removed from the employee=s
position may appeal the decision by filing a petition in a district court in
the county within 30 days after the date of the decision.

 

(b)
An appeal under this section is under the substantial evidence rule, and the
judgment of the district court is appealable as in other civil cases.

 

(c)
If the district court renders judgment for the petitioner, the court may order
reinstatement of the employee, payment of back pay, or other appropriate
relief.

 

Tex.
Loc. Gov=t Code Ann. ' 158.012 (Vernon 1999).





[9]
We must take all factual allegations pled as true,
unless the defendant pleads and proves that the allegations were fraudulently
made in order to confer jurisdiction.  Cont=l
Coffee Prods. Co. v. Cazarez, 937 S.W.2d
444, 449 (Tex. 1996).  Appellants have
not asserted that Ferguson made any fraudulent allegations for the purpose of
conferring jurisdiction.





[10]
Sovereign immunity does not, however, apply to actions taken pursuant to the
application of an unconstitutional law, even though the actions are within the
scope of a person=s official
capacity and are mandated by law.  Rylander v. Caldwell, 23 S.W.3d 132,
135-36 (Tex. App.BAustin 2000, no
pet.). 





[11]
The Dallas court of appeals, in Smith v. Davis, interpreted Kmeic
as holding that a governmental employee sued in an official capacity Amay
in some cases enjoy the protections of sovereign immunity to the extent
those protections are available to his employer,A
namely, @when the
governmental unit is made a party to suit.@  Smith v. Davis, 999 S.W.2d 409,
413, 416-417 (Tex. App.BDallas 1999, no
pet.)(emphasis added).  We disagree.   We note that Smith relies on Kmeic
for this proposition, yet while in Kmeic the governmental unit was a
party to the suit, this fact was not relied upon as a prerequisite to
application of the protection of sovereign immunity to a governmental official
sued in an official capacity.  See
City of Hempstead v. Kmeic, 902 S.W.2d 118, 122 (Tex. App.BHouston
[1st Dist.] 1995, no writ).  Nor has this
Court imposed such a requirement.  Thomas
v. Collins, 853 S.W.2d 53, 55 (Tex. App.BCorpus
Christi 1993, writ denied)(finding suit not maintainable on grounds of
sovereign immunity in suit filed only against director of Texas Department of
Corrections in an official capacity). 
More importantly, since a suit against a person in an official capacity
is simply another way of asserting a suit against the state, then if no suit
against the state may lie due to sovereign immunity, no suit may lie against a
person sued only in an official capacity. Kmeic, 902 S.W.2d at 122; see
also McCartney v. May, 50 S.W.3d 599, 605-06 (Tex. App.BAmarillo
2001, no pet.)(disagreeing with Davis and holding that governmental
employees were entitled to summary judgment in their official capacities, based
on sovereign immunity, even though the state agency for whom they were employed
was not a party to the suit); Alcorn v. Vaksman, 877 S.W.2d 390, 403
(Tex. App.BHouston [1st
Dist.] 1994, writ denied)(en banc)(finding that state employees were entitled
to sovereign immunity when sued in official capacities for acts performed
within the scope of their authority, even though the state was not named as a
defendant).  We agree with the May
court that whether the governmental unit is named as a party or not does not
affect the ability of an employee of that unit to rely on the defense of
sovereign immunity as to claims against the person in an official capacity.  May, 50 S.W.3d at 606.





[12]
Ideally, in order to avoid confusion, the relevant capacity should be included
in the style of the suit when filed. Morris v. Collins, 916 S.W.2d 527,
530 n.2 (Tex. App.BHouston [1st
Dist.] 1995, no writ)(O=Conner, J.,
concurring). 





[13]
Nevertheless, Olivarez did file a general denial in answer to the suit jointly
with Nueces County. 





[14]
Yanes involved a suit under article III, section 52(e) of the Texas
Constitution, which deals with payments of medical expenses by counties for
county law enforcement officials injured in the course of official duties.  Fraiser v. Yanes, 9 S.W.3d 422, 424
(Tex. App.BAustin 1999, no
pet); see Tex. Const. art.
III, '52(e).  





[15]
The State may be sued for federal constitutional violations or under certain
federal statutes which provide for a waiver of sovereign immunity. See Morris,
916 S.W.2d at 531 (noting sovereign immunity does not bar federal civil rights
claims and violations of federal due process).





[16]
It is not necessary to specifically plead consent in a petition where there is
a general statutory right to bring suit against a particular governmental
entity or a particular type of claim.  Missouri
Pac. R.R. Co. v. Brownsville Navigation Dist., 453 S.W.2d 812,
813-14 (Tex. 1970);  City of San
Antonio v. Cortes, 5 S.W.3d 708,711-12 (Tex. App.BSan
Antonio 1999, no pet.).    





[17]
See footnote 16.





[18] Moreover, an
ultra vires suit may not be maintained against an official in his official
capacity; such a suit may only be brought against an official in his individual
capacity.  Dillard v. Austin
Indep. Sch. Dist., 806 S.W.2d 589, 597-98 (Tex. App.BAustin
1991, writ denied); Bagg v. Univ. of Tex. Med. Branch at Galveston, 726
S.W.2d 582, 584-85 (Tex. App.BHouston
[14th Dist.] 1987, writ ref=d
n.r.e.).  The exception to this rule is
when the claim made is that the official was acting within the scope of
official authority but pursuant to an unconstitutional law.  Camacho v. Samaniego, 954 S.W.2d 811,
821 (Tex. App.BEl Paso 1997,
writ denied). 





[19] Nor is this a
suit for mandamus.  Ferguson=s
petition to the trial court did not request mandamus relief, and his brief
before this Court is not an original proceeding brought pursuant to appellate
rule 52.  See Tex. R. App. P. 52.  Ferguson appears before us in this appeal
solely in his status as appellee in an interlocutory appeal in a suit for
damages.  We express no opinion as to
whether mandamus would have been appropriate under the facts of this case if a
petition for mandamus relief, rather than a suit for monetary damages had been
sought, although we note that a sister court of appeals recently reversed a
trial court that refused to grant a writ of mandamus to compel a sheriff to
abide by a decision issued by the civil service commission.  See Sheppard v. Thomas, No.
01-01-00822-CV, 2002 Tex. App. LEXIS 7279 (Tex. App.BHouston
[1st Dist.], October 10, 2002, no pet. h.).





[20]  We note that if Ferguson had sought
injunctive relief, the trial court would have been faced with a request that
Ferguson both be reinstated to the position from which he was terminated while
simultaneously being placed in the position he was denied.  Since the alluded-to injunctive relief was
never requested in the petition and Ferguson instead sought a money judgment,
the trial court was never faced with this conundrum.  We note too that the first alluded-to
potential injunctive request (placement in a disputed position) would have been
an attempt to control state action and thus barred by sovereign immunity.  See King v. Tex. Dep=t
of Human Servs., 28 S.W.3d 27, 33 (Tex. App.BAustin
2000, no pet.)(finding the trial court had no jurisdiction over a request for
injunctive relief placing plaintiff in position which he claimed he was
deprived of because of discrimination, as such request was barred by sovereign
immunity).





[21] A claim for
back pay, other than one to recover for services rendered or to prevent unjust
enrichment, is a claim for damages at law. 
See Securtec, Inc. v. County of Gregg, No. 06-01-00164-CV, 2002
Tex. App. LEXIS 5991 at *22 (Tex. App.BTexarkana,
August 20, 2002, no pet. h.)(claim seeking back pay for denial of an
opportunity to perform a contract was one for legal, not equitable,
relief);  see also Jackson v. Houston
Indep. Sch. Dist., 994 S.W.2d 396, 400 (Tex. App.BHouston
[14th Dist.] 1999, no pet.)(A
. . . although couched in terms of >injunctive
relief= . . . a claim
for back pay constitutes a claim for damages under Texas law . . .@)(in
case seeking back pay for deprivation of Acorrect
salary@ resulting from
employer=s refusal to
reclassify position and adjust pay grade); O=Bryant
v. City of Midland, 949 S.W.2d 406, 414 (Tex. App.BAustin
1997)(op. on reh=g), aff=d
in part and rev=d in part on
other grounds, 18 S.W.3d 209 (Tex. 2000)(finding that
request for back pay for officers who had been prevented from serving as
licensed peace officers was a claim for damages, not equity, noting that action
for monetary relief is action at law rather than in equity); see also Huckabay
v. Moore, 142 F.3d 233, 242 n.10 (5th Cir. 1998)(noting that even though
back pay is considered an Aequitable
award@ under the
Texas Human Rights Act, that does not mean that a claim for back pay is not an
action at law). 





[22] This is the Adue
course of law@ provision and
reads, ANo citizen of
this State shall be deprived of life, liberty, property, privileges or
immunities, or in any manner disenfranchised, except by the due course of the
law of the land.@  Tex.
Const. art. III, '19.





[23] A suit brought
for a violation of article I, section 19 of the constitution that seeks money
damages would not be barred by sovereign immunity as the constitution itself
provides a waiver of sovereign immunity for violations of this provision.  Steele v. City of Houston, 603 S.W.2d
786, 791 (Tex. 1980); Tex. State Employees=
Union/CWA Local 6184 v. Tex. Workforce Comm=n,
16 S.W.3d 61, 67 (Tex. App.BAustin
2000, no pet.).  However, claims for
money damages in such a suit would be subject to summary judgment.  Vaksman, 877 S.W.2d at 404.





[24] Tex. Lab. Code Ann. ''
21.001-.556 (Vernon 1996 & Supp. 2002).  


 

In fact, Ferguson alleged in his amended petition that he was
seeking a right to sue from the Corpus Christi Human Relations Commission and
would amend his pleading on receipt of notice; however no allegation of any
violation of the Texas Commission on Human Rights Act is raised in the amended
petition.





[25] Tex. Gov=t Code Ann. ''
554.001-.010 (Vernon 1996 & Supp. 2002).





[26] As a general
rule, governmental entities are immune from tort liability under the doctrine
of sovereign immunity unless the legislature has waived immunity.   Harris County v. Dillard, 883 S.W.2d
166, 168 (Tex. 1994).  The Texas Tort
Claims Act provides for a limited waiver of sovereign immunity for certain
tortious acts.  Tex. Civ. Prac. & Rem. Code Ann. '101.021
(Vernon 1997).  Whether a particular
claim falls into any of the exceptions from the general doctrine of sovereign
immunity provided for in the Texas Tort Claims Act is entirely dependent on the
statutory language.   Dallas County
Mental Health & Mental Retardation v. Bossley, 968 S.W.2d 339, 341
(Tex. 1998).





[27] The Texas Tort
Claims Act provides that governmental units are liable for:

 

(1)
property damage, personal injury, and death proximately caused by the wrongful
act or omission or the negligence of an employee acting within his scope of
employment if:

 

(A)
the property damage, personal injury, or death arises from the operation
or  use of a motor‑driven vehicle
or motor‑driven equipment; and

 

(B) the employee would be personally liable to the claimant
according to Texas law; and

 

(2)
personal injury and death so caused by a condition or use of tangible personal
or real property if the government unit would, were it a private person, be
liable to the claimant according to Texas law. 


 

Tex. Civ. Prac. & Rem. Code Ann. '
101.021 (Vernon 1997).